**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*, ) | |
| ) | Case No. 15-10197 (KJC) |
| Debtors. ) | |
| ) | Joint Administration Requested |
| | **Re: Dkt. No. 52** |

**PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS OF**
**CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS TO**
**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT**
**TO 11 U.S.C. §105, 107, 361, 362, 363, 364 AND 507 AND RULES 2002, 4001, 9014 AND**
**9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I)**
**AUTHORIZING THE DEBTORS TO (A) OBTAIN POST-PETITION**
**FINANCINGS, (B) USE CASH COLLATERAL (II) GRANTING LIENS AND**
**SUPER-PRIORITY CLAIMS; (III) SCHEDULING A FINAL HEARING;**
**AND (IV) GRANTING RELATED RELIEF**

Cellco Partnership d/b/a Verizon Wireless ("VZW") hereby files this preliminary objection and reservation of rights to the *Debtors' Motion For Entry Of Interim And Final Orders Pursuant To 11 U.S.C. §105, 107, 361, 362, 363, 364 And 507 And Rules 2002, 4001, 9014 And 9018 Of The Federal Rules Of Bankruptcy Procedure (I) Authorizing The Debtors To (A) Obtain Post-Petition Financings, (B) Use Cash Collateral (II) Granting Liens And Super-Priority Claims; (III) Scheduling A Final Hearing; And (IV) Granting Related Relief* [Dkt. No. 52] (the "DIP Motion").[1] In support hereof, VZW respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  Given the expedited process, at this time, VZW files this preliminary objection to ensure that such financing does not in any way impair, subordinate or affect rights, remedies, claims, security interests or defenses VZW may have under its contract with the Debtors,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

the Bankruptcy Code or applicable non-bankruptcy law.  VZW reserves its rights to object further prior to or at the final hearing on the DIP Motion.

## BACKGROUND

2. On February 5, 2015 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

3. The Debtors are continuing in possession of their property and are operating and managing its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. In July 2011, VZW and Debtor RadioShack Corporation ("RadioShack") entered into an Agent Agreement (together with all exhibits and amendments thereto, the "Agent Agreement").

5. Pursuant to the Agent Agreement, VZW appointed RadioShack as a sales agent to, subject to the terms of the Agent Agreement, offer, promote, sell and market certain VZW services at all RadioShack locations in the areas where VZW provides services.  In connection therewith, VZW has the ability (but not the obligation) to sell RadioShack certain VZW equipment for resale and activation.

6. In addition, VZW pays compensation (i.e. commissions) to RadioShack in connection with RadioShack's activation of subscribers and certain VZW services (the "RS Compensation").  However, VZW may assert against RadioShack, compensation chargebacks related to activations in certain circumstances.  Pursuant to the express terms of the Agent

Agreement, VZW has the right to setoff, recoup, or deduct compensation chargebacks from any unpaid RS Compensation.

7. In addition to the setoff and recoupment rights with respect to compensation chargebacks, the Agent Agreement provides VZW with the authority to setoff, recoup or deduct amounts owed by RadioShack for purchases of VWZ equipment against unpaid RS Compensation.

## PRELIMINARY OBJECTION

8. VZW holds a secured claim against the Debtors under 11 U.S.C. §506(a) to the extent of its rights of setoff against the RS Compensation. *See* 11 U.S.C. §506(a). Moreover, VZW's right of recoupment is not subject to the automatic stay. *See In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir. 1992); *MBNA Am. Bank, N.A. v. TWA (In re TWA)*, 275 B.R. 712, 720 (Bankr. D. Del. 2002); *Malinowski v. New York Sate DOL (In re Malinowski)*, 156 F.3d 131 (2d Cir. 1998); *In re Holford*, 996 F.ed 176 (5th Cir. 1990).

9. VZW objects to the DIP Motion to ensure that its rights, including its rights of setoff and recoupment are preserved under applicable law and not impacted by any interim or final order approving the DIP Motion or the DIP Facility

10. To that end, any order approving the DIP Motion should contain the following language which ensures VZW's rights, including its rights of setoff and recoupment are preserved:

> Nothing in this Order or the DIP Facility shall subordinate, diminish, impair or affect any rights, remedies, claims or defenses (collectively, "VZ Rights") Cellco Partnership d/b/a Verizon Wireless and/or its affiliates may have under any agreements with the Debtors, the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, and all such VZ Rights are hereby preserved.

017286.01704/40212246v.2

11. VZW reserves the right to amend, modify, supplement and assert further objections at the final hearing on the DIP and does not waive any rights it may have as a result of this preliminary objection.

WHEREFORE, VZW respectfully requests that the Court require that any order approving the DIP Motion contain language substantially similar to the language proposed above which preserves VZW's rights, including its rights of setoff and recoupment.

Dated: February 6, 2015                **BLANK ROME LLP**

*/s/ Regina Stango Kelbon*
Regina Stango Kelbon (No. 5444)
Alan M. Root (No. 5427)
1201 North Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
(302) 425-6464

*Attorneys for Cellco Partnership
d/b/a Verizon Wireless*

017286.01704/40212246v.2