**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| RADIOSHACK CORPORATION, et al.,[1] | Case No. 15-10197 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 18** |

**INTERIM ORDER: (I) AUTHORIZING THE DEBTORS TO ASSUME THE CONSULTING AGREEMENT; (II) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING OR SIMILAR THEMED SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (III) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING BUSINESS LOCATIONS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for the entry of an interim order (the "Interim Order"), pursuant to Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002 and 6004; (a) authorizing the assumption of the Consulting Agreement dated as of February 4, 2015, by and between the Debtors and and Hilco Merchant Resources, LLC, Gordon Brothers Retail Partners, LLC and Tiger Capital Group, LLC (the "Consulting Agreement"), a copy of which is attached as Exhibit 1 to this Interim Order; (b) authorizing the Debtors to conduct store closing or similar themed sales (collectively, the "Store Closing Sales") in accordance with the terms or the store closing sale guidelines (the "Sale Guidelines") attached as

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Exhibit 2 to this Interim Order, with such sales to be free and clear of all liens, claims, encumbrances, and interests (collectively, the "Encumbrances"); (c) authorizing the Debtors to pay customary retention bonuses to the store-level and certain field employees closing locations; and (d) granting certain related relief, on an interim basis (collectively, the "Store Closing Relief"); and the Court having reviewed the Motion and the Coulombe Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, (ii) venue is proper in this District pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the stay of Bankruptcy Rule 6004(h); after due deliberation determined that the relief requested in the Motion is necessary on an interim basis and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause have been shown; it is hereby:

FOUND AND DETERMINED THAT:[3]

A.  The Debtors have advanced sound business reasons for seeking to assume the Consulting Agreement, on an interim basis subject to the Final Hearing, as set forth in the Motion and at the Hearing, and entering into the Consulting Agreement is a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. See Fed. R. Bankr. P. 7052.

#32434700 v1

B.   The conduct of the Store Closing Sales will provide an efficient means for the Debtors to dispose of the Store Closure Assets.

C.   The Consulting Agreement was negotiated, proposed, and entered into by the Consultant and the Debtors without collusion, in good faith and from arm's length bargaining positions.

~~D.   The assumption of the Consulting Agreement on an interim basis is a sound exercise of the Debtors' business judgment.~~

E.   The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

F.   The Store Closing Sales are in the best interest of the Debtors' estates.

G.   The Debtors have represented that they are neither selling nor leasing personally identifiable information pursuant to the Motion, although the Consultant will be authorized to distribute emails and promotional materials to the Debtors' customers.

H.   The entry of this Interim Order is in the best interest of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and now therefore it is hereby.

**ORDERED THAT:**

1.   The Motion, on an interim basis, is GRANTED as provided herein [through and including Monday February 9, 2015].

2.   On ___February 20___, 2015, at ___9:00 a.___m (prevailing Eastern Time), a hearing (the "Final Hearing") will be held before this Court to consider the Store Closing Relief requested in the Motion, on a final basis. All objections, if any, to the Motion shall be in writing and filed with this Court and served on counsel for the Debtors, any duly appointed committee, and the Consultant, as to be received on or before ___February 17___,

- 3 -

2015 at __4:00__ p.m. (prevailing Eastern Time). The Debtors shall file any reply(s) to such objections on or before __February 19__, 2015 at __4:00__ p.m. (prevailing Eastern Time) and serve such replies on the objecting parties, any duly appointed committee and the Consultant.

3. The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Interim Order.

4. To the extent of any conflict between this Interim Order, the Sale Guidelines, and the Consulting Agreement, the terms of this Interim Order shall control over all other documents and the Sale Guidelines shall control over the Consulting Agreement.

5. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall take effect immediately upon its entry.

A. ~~Authority To Assume The Consulting Agreement~~

6. ~~The assumption of the Consulting Agreement, a copy of which is attached to this Interim Order as Exhibit 1, by the Debtors pursuant to section 365 of the Bankruptcy Code is approved on an interim basis.~~ The Consulting Agreement, a copy of which is attached to this Interim Order as Exhibit 1, is operative and effective on an interim basis during the interim period. The Debtors are authorized to act and perform in accordance with the terms of the Consulting Agreement, including, making payments required by the Consulting Agreement to the Consultant without the need for any application of the Consultant or a further order of the Court.

7. Subject to the restrictions set forth in this Interim Order and the Sale Guidelines, the Debtors and the Consultant hereby are authorized to take any and all actions as may be necessary or desirable to implement the Consulting Agreement and the Store Closing Sales; and each of the transactions contemplated by the Consulting Agreement, and any actions taken by the Debtors and the Consultant necessary or desirable to implement the Consulting

#32434700 v1

Agreement and/or the Store Closing Sales prior to the date of this Interim Order, hereby are approved and ratified.

**B.  Authority To Engage in Store Closing Sales**

8.  The Debtors are authorized, on an interim basis pending the Final Hearing, pursuant to 105(a) and 363(b)(1) of the Bankruptcy Code, to immediately continue and conduct Store Closing Sales at the Closing Stores in accordance with this Interim Order, the Sale Guidelines and the Consulting Agreement.

9.  The Sale Guidelines are approved in their entirety on an interim basis.

10. The Debtors are authorized to discontinue operations at the Closing Stores in accordance with this Interim Order and the Sale Guidelines.

11. All entities that are presently in possession of some or all of the Merchandise or FF&E in which the Debtors hold an interest that are or may be subject to the Consulting Agreement or this Interim hereby are directed to surrender possession of such Merchandise or FF&E to the Debtors or the Consultant.

12. Neither the Debtors nor the Consultant nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined in Bankruptcy Code section 101(27)) or landlord, to conduct the Store Closing Sales and to take the related actions authorized herein.

**C.  Conduct of the Store Closing Sales**

13. All newspapers and other advertising media in which the Store Closing Sales may be advertised and all landlords are directed to accept this Interim Order as binding authority so as to authorize the Debtors and the Consultant to conduct the Store Closing Sales and the sale of Merchandise and FF&E pursuant to the Consulting Agreement, including, without limitation, to conduct and advertise the sale of the Merchandise and FF&E in the manner

#32434700 v1

contemplated by and in accordance with this Interim Order, the Sale Guidelines, and the Consulting Agreement.

14.     Nothing in this Interim Order or the Consulting Agreement releases, nullifies, or enjoins the enforcement of any liability to a Governmental Unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Interim Order. Nothing contained in this Interim Order or in the Consulting Agreement shall in any way (i) diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Debtors to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code. Nothing herein shall be construed to be a determination that the Consultant is an operator with respect to any environmental law or regulation. Moreover, the sale of the Merchandise and FF&E shall not be exempt from, and the Consultant shall be required to comply with, laws of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"). Nothing in this Interim Order shall alter or affect the Debtors' and Consultant's obligations to comply with all applicable federal safety laws and regulations. Nothing in this Interim Order shall be deemed to bar any Governmental Unit from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtors' or the Consultant's right to assert in that forum or before this Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code, this Interim Order, or otherwise, pursuant to Paragraph 27 hereunder. Notwithstanding any other provision in this

#32434700 v1

Interim Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Interim Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.  Nothing in this Interim Order shall be deemed to have made any rulings on any such issues.

15. Except to the extent of the reserved rights of Governmental Units expressly granted elsewhere in this Interim Order, during the Interim Sale Period, the Debtors and Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Consulting Agreement and to conduct the sale without necessity of further order of this Court as provided in the Consulting Agreement or the Sale Guidelines, including, but not limited to, advertising the sale as a "store closing sale", "sale on everything", "everything must go", or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall Closing Locations, and at enclosed mall Closing Locations to the extent the applicable Closing Location entrance does not require entry into the enclosed mall common area), use of signwalkers and street signage.

16. Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Merchandise and FF&E, to the extent that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners or other advertising and the Debtors and the Consultant are unable to resolve the matter consensually with a Governmental Unit, any party may request an immediate telephonic hearing with this Court pursuant to these provisions.  Such hearing will, to the extent practicable, be scheduled initially no later than the earlier of (i) the Final Hearing or (ii) within two (2) business days of

#32434700 v1

such request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

17. Except as expressly provided in the Consulting Agreement, the sale of the Merchandise and FF&E shall be conducted by the Debtors and the Consultant notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Store Closing Sales, the rejection of leases, abandonment of assets, or "going dark" provisions. The Consultant and landlords of the Closing Locations are authorized to enter into agreements ("<u>Side Letters</u>") between themselves modifying the Sale Guidelines without further order of the Court, and such Side Letters shall be binding as among the Consultant and any such landlords, provided that nothing in such Side Letters affects the provisions of Paragraphs 16, 17 and 27 of this Interim Order. In the event of any conflict between the Sale Guidelines and any Side Letter, the terms of such Side Letter shall control.

18. Except as expressly provided for herein or in the Sale Guidelines, and except with respect to any Governmental Unit (as to which Paragraphs 16, 17 and 27 of this Interim Order shall apply), no person or entity, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Store Closing Sales or the sale of Merchandise or FF&E, or the advertising and promotion (including the posting of signs and exterior banners or the use of signwalkers) of such sales, and all such parties and persons of every nature and description, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (i) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Store Closing Sales and/or (ii) instituting any action or proceeding in any

court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the Closing Locations that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Store Closing Sales or sale of the Merchandise or FF&E or other liquidation sales at the Closing Locations and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

19. In accordance with and subject to the terms and conditions of the Consulting Agreement, the Consultant shall have the right to use the Closing Locations and all related Closing Location services, furniture, fixtures, equipment and other assets of the Debtors for the purpose of conducting the Store Closing Sales, free of any interference from any entity or person, subject to compliance with the Sale Guidelines and this Interim Order and subject to Paragraphs 16, 17 and 27 of this Interim Order.

20. During the first thirty days of the Store Closing Sales, the Consultant shall accept the Debtors' validly-issued gift certificates and gift cards that were issued by the Debtors prior to the Sale Commencement Date in accordance with the Debtors' gift certificate and gift card policies and procedures, as such policies and procedures may be amended or altered from time to time, and accept returns of merchandise sold by the Debtors prior to the Sale Commencement Date, provided that such return is otherwise in compliance with the Debtors' return policies in effect as of the date such item was purchased and the customer is not repurchasing the same item so as to take advantage of the sale price being offered by the Consultant.

21. All sales of Store Closure Assets shall be "as is" and final. However, as to the Closing Stores, all state and federal laws relating to implied warranties for latent defects shall

#32434700 v1

be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales." Further, as to the Closing Stores only, the Debtors and/or the Consultant shall accept return of any goods purchased during the Store Closing Sales that contain a defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, provided that the consumer must return the merchandise within seven days of purchase, the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect. Returns, if permitted, related to the purchase of Store Closure Assets shall not be accepted at stores that are not participating in the Store Closing Sales.

22.     The Consultant shall not be liable for sales taxes except as expressly provided in the Consulting Agreement and the payment of any and all sales taxes is the responsibility of the Debtors. The Debtors are directed to remit all taxes arising from the Store Closing Sales to the applicable Governmental Units as and when due, provided that in the case of a bona fide dispute the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. The Consultant shall collect, remit to the Debtors and account for sales taxes as and to the extent provided in the Consulting Agreement. This Interim Order does not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

23.     Pursuant to section 363(f) of the Bankruptcy Code, the Consultant, on behalf of the Debtors, is authorized to sell and all sales of Merchandise or FF&E (each as defined

#32434700 v1

in the Consulting Agreement) pursuant to the Store Closing Sales, whether by the Consultant or the Debtors, shall be free and clear of any and all Encumbrances; provided, however, that any such Encumbrances shall attach to the proceeds of the Store Closing Sales with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Merchandise and FF&E, subject to any claims and defenses that the Debtors may possess with respect thereto and the Consultant's fees and expenses (as provided in the Consulting Agreement).

24. To the extent that the Debtors propose to sell or abandon FF&E which may contain personal and/or confidential information about the Debtors' employees and/or customers (the "Confidential Information"), the Debtors shall remove the Confidential Information from such items of FF&E before such sale or abandonment.

25. The Debtors and/or the Consultant (as the case may be) are authorized and empowered to transfer Merchandise and FF&E among the Closing Locations. The Consultant is authorized to sell the Debtors' FF&E and abandon the same, in each case, as provided for and in accordance with the terms of the Consulting Agreement

D. **Dispute Resolution Procedures With Governmental Units**

26. To the extent that the sale of Merchandise or FF&E is subject to any federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws (each a "GOB Law," and collectively, the "GOB Laws"), including laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers solely in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply solely to the sale of the Interim Sale Assets (collectively, the "Liquidation

- 11 -

#32434700 v1

Laws"), the dispute resolution procedures in this section shall apply.

27.     Provided that the Store Closing Sales and the sale of Merchandise and FF&E are conducted in accordance with the terms of this Interim Order, the Consulting Agreement and the Sale Guidelines, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered sales from their provisions, the Debtors shall be presumed to be in compliance with any GOB Laws and Liquidation Laws and, subject to Paragraphs 16, 17 and 26 herein, are authorized to conduct the Store Closing Sales in accordance with the terms of this Order and the Sale Guidelines without the necessity of further showing compliance with any such GOB Laws and Liquidation Laws.

28.     Within three business days of entry of this Interim Order, the Debtors shall serve copies of this Order, the Consulting Agreement and the Sale Guidelines via e-mail, facsimile or regular mail, on: (i) the Attorney General's office for each state where the Store Closing Sales are being held, (ii) the county consumer protection agency or similar agency for each county where the Store Closing Sales are being held, (iii) the division of consumer protection for each state where the Store Closing Sales are being held; (iv) the chief legal counsel for the local jurisdiction; and (v) the Debtors' landlords of the Closing Stores.

29.     To the extent that during between the Petition Date and the date of the Final Hearing there is a dispute arising from or relating to the Store Closing Sales, this Interim Order, the Consulting Agreement, or the Sale Guidelines, which dispute relates to any GOB Laws or Liquidation Laws (a "Reserved Dispute"), the Court shall retain exclusive jurisdiction to resolve the Reserved Dispute which such Reserved Dispute will be heard at the Final Hearing, absent a party obtaining expedited relief. Nothing in this Interim Order shall constitute a ruling with respect to any issues to be raised with respect to a Reserved Dispute. Any Governmental

#32434700 v1

Unit may assert a Reserved Dispute by sending a notice (the "Dispute Notice") explaining the nature of the dispute to: (i) Jones Day, 717 Texas Suite 3300, Houston, TX 77002 (Attn: Thomas A. Howley, Esq.); and (ii) Pepper Hamilton LLP, 1313 N. Market Street, Suite 5100, Wilmington, DE 19801 (Attn: David M. Fournier, Esq.).

### E.  Store Closing Bonuses.

30. On an interim basis and pending the Final Hearing, the Debtors shall have the authority, but not the obligation, to pay store closing bonuses (the "<u>Store Closing Bonuses</u>") to store-level and certain field employees who remain in the employ of the Debtors during the Store Closing Sales. The Debtors shall have the authority to determine the individual amounts of each Store Closing Bonus, except that the total aggregate cost of the Store Closing Bonus program will not exceed 10% of the base payroll, including taxes and typical benefits, for all employees working at the Closing Stores.

### F.  Other Provisions.

31. The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Consultant, in each case, other than as expressly provided for in the Consulting Agreement.

32. Except with respect to any Governmental Unit (as to which the provisions of Paragraphs 16, 17 and 27 of this Interim Order shall apply), this Court shall retain exclusive jurisdiction with regard to all issues or disputes relating to this Interim Order or the Consulting Agreement, including, but not limited to, (i) any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit banner and signwalker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional and non-deceptive manner, (ii) any claim of the Debtors, the landlords and/or the Consultant for protection from interference with the Store Closing Sales, (iii) any other disputes

related to the Store Closing Sales, and (iv) to protect the Debtors and/or the Consultant against any assertions of Encumbrances. No such parties or person shall take any action against the Debtors, the Consultant, the landlords or the Store Closing Sales until this Court has resolved such dispute. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

Dated: 2/6, 2015
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

#32434700 v1