UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | Case No. 15-10197 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 6** |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION EMPLOYEE WAGES, BENEFITS AND RELATED ITEMS

This matter coming before the Court on the Motion For An Order Authorizing the Debtors to Pay Prepetition Employee Wages, Benefits And Related Items (the "Motion");[2] the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and after due deliberation the Court having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

-1-

#32445840 v2

-2-

(ii) necessary to prevent immediate and irreparable harm to the Debtors, their estates and their employees; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. On __March 4__, 2015, at __1:30__ p.m. (ET), a hearing (the "Final Hearing") will be held before this Court to consider the relief requested in the Motion, on a final basis. All objections, if any, to the Motion shall be in writing and filed with this Court and served on counsel for the Debtors, any duly appointed committee, and the United States Trustee, so as to be received on or before __March 2__, 2015 at 4:00 p.m. (ET).

3. The Debtors are authorized, in the Debtors' sole discretion, to pay the Prepetition Compensation, Prepetition Deductions, Prepetition Benefits and Prepetition Processing Costs that were accrued and unpaid as of the Petition Date in an aggregate amount not to exceed $19.5 million.

4. The Debtors are authorized, in the Debtors' sole discretion, to pay the Prepetition Business Expenses, including amounts incurred under the Company Card that were accrued and unpaid as of the Petition Date.

5. The Debtors are authorized to continue utilizing the Company Card and are authorized to pay any fees and expenses associated therewith, whether related to prepetition or postpetition time periods. The Debtors are further authorized to make any payments in respect of the Debtors' continued use of the Company Card, including, without limitation, those related to Prepetition Business Expenses, whether such payments are based upon prepetition or postpetition obligations, as necessary to continue the use of the Company Card.

#32445840 v2

6. Without further order of this Court, Citizens is authorized to: (i) charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which Citizens is entitled under the terms and in accordance with that certain Commercial Card Program Agreement with the Debtors, and (ii) Citizens is authorized, but not directed, to charge back returned items to the Debtors in the normal course of business; and the automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement and effectuate the terms and provisions of this Order and to enable Citizens to charge the Debtors' account(s) for payment and/or reimbursement of charges attributable to the Company Card at such times and in such amounts as shall be determined by Citizens in its discretion and as otherwise provided under the underlying agreements governing the Debtors' use of the Company Card.

7. The Debtors are authorized to pay the Supplemental Workforce Obligations in an amount not to exceed $800,000.

8. Subject to entry of a Final Order, the Debtors ~~are~~ *may be* authorized to make Postpetition Severance Payments in an aggregate amount not to exceed that provided for in any debtor in possession financing, cash collateral budget or wind down budget (the "Aggregate Cap"). Further, in addition to the Aggregate Cap, Postpetition Severance Payments will be limited to the lesser of (i) calculated severance, (ii) two weeks wages and (iii) $12,475 per individual.

9. Postpetition Severance Payments will not be made (i) to employees at stores that are subject to store closing and liquidation sales, (ii) to employees of stores that are sold as a going concern or non-store employees who receive extended employment, or (iii) to

#32445840 v2

employees eligible for payment pursuant to any key employee incentive program or key employee retention program.

10. The Banks are authorized, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Prepetition Compensation, Postpetition Severance Payments, Relocation Obligations, Supplemental Workforce Obligations, Prepetition Business Expenses, Prepetition Deductions, Prepetition Benefits and Prepetition Processing Costs, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

11. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order either: (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtors or their estates on their account of such prepetition check or other item being honored post-petition.

12. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a Relocation Obligation or Supplemental Workforce Obligation or a claim for Prepetition Compensation, Prepetition Business Expenses, Prepetition Deductions, Prepetition

-5-

Benefits, Postpetition Severance Payments or Prepetition Processing Costs; or (v) the assumption of any contract.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

14. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: Feb 6, 2015
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

#32445840 v2