# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | Case No. 15-10197 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 5** |

### INTERIM ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion for an Order (I) Approving the Continued Use of the Debtors' Cash Management System and (II) Granting Other Related Relief (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis.

2. On ~~March 4~~, 2015, at ~~1:30~~ p.m. (ET), a hearing (the "Final Hearing") will be held before this Court to consider the Cash Management Relief requested in the Motion, on a final basis. All objections, if any, to the Motion shall be in writing and filed with this Court and served on counsel for the Debtors, any duly appointed committee, and the United States Trustee, so as to be received on or before ~~March 2~~, 2015 at 4:00 p.m. (ET).

3. The Debtors are authorized to: (i) maintain their Cash Management System in substantially the same form as described in the Motion; (ii) implement ordinary course changes to their Cash Management System; and (iii) open and close bank accounts; provided, however, that the Debtors give notice to the Office of the United States Trustee, counsel to Cantor Fitzgerald Securities LLC, in its capacity as prepetition and postpetition administrative agent for certain senior secured lenders, counsel to Salus Capital Partners, LLC, in its capacity as administrative and collateral agent for certain senior secured lenders, and any official committees appointed in these chapter 11 cases prior to opening or closing a bank account. Any new domestic bank account opened by the Debtors shall be established at an institution insured by the FDIC and is organized under the laws of the United States or any State therein, and is a party to a UDA with the U.S. Trustee or is willing to immediately execute such an UDA.

4. The Debtors are authorized, but not directed, to continue to use the Bank Accounts under existing account numbers without interruption.

5. The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the applicable Debtor as debtor in possession without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be.

6. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of these chapter 11 cases, except as otherwise authorized by an order of this Court and directed by the Debtors.

7. The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms; provided, however, that any new check stock ordered by the Debtors shall contain the designation "Debtor in Possession."

8. The Banks are authorized, but not directed, to accept and honor all representations from the Debtors regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date. The Banks shall not be liable to any party on account of: (i) following the Debtors' instructions or representations as to any order of this Court; (ii) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is authorized to (i) charge,

and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors; and (ii) the Banks also are authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of forty-five (45) days from the Petition Date; <u>provided, however</u>, that such extension is without prejudice to the Debtors' right to request either a further extension or the waiver of the requirements of section 345(b) of the Bankruptcy Code in these bankruptcy cases. *Subject to entry of a Final Order*

11. The Debtors ~~are~~ *may be* authorized, on an interim basis, to invest and deposit funds in accordance with the Investment Policy, notwithstanding that certain guidelines may not strictly comply in all respects with the investment guidelines in section 345 of the Bankruptcy Code. All applicable banks and other financial institutions are authorized to accept or hold or invest funds, at the Debtors' direction, in accordance with the Investment Policy.

12. Any Banks are further authorized to (i) honor the Debtors' directions with respect to the opening and closing of any Bank Account; and (ii) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, provided, in each case, that the Debtors' Banks shall not have any liability to any party for relying on such representations.

13. The Debtors are authorized, from and after the Petition Date, to continue to engage in intercompany transactions in the ordinary course of the Debtors' businesses, including transactions with the Non-Debtor Affiliates (in the case of Non-Debtor Affiliates, only in accordance with the limitations established in the Debtor-in-Possession financing budget or

further Court order), <u>provided, however</u>, that for the avoidance of doubt, the Debtors shall not be authorized by this Interim Order to (a) directly or indirectly, make any distribution on account of an equity interest in the Debtors held by such Non-Debtor Affiliate or its beneficial owner or (b) undertake any intercompany transactions that is not on the same terms as, or materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All Intercompany Claims held by a Debtor or Non-Debtor Affiliate against a Debtor arising from postpetition intercompany transfers shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including intercompany transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

14. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

15. Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

16. For Banks at which the Debtors hold Bank Accounts that are party to an UDA with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order, the

Debtors shall (a) contact each Bank, (b) provide each Debtor's employer identification number and (c) identify each account held at such Banks by a Debtor.

17. For Banks at which the Debtors hold Bank Accounts that are not party to an UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute an UDA in a form prescribed by the U.S. Trustee within (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute an UDA in a form prescribed by the U.S. Trustee are fully reserved.

18. As soon as practicable after entry of this Order, the Debtors will serve a copy of this Order to the Banks at which the Bank Accounts are maintained.

19. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

20. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: Feb 6, 2015
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE