**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**RADIOSHACK CORPORATION, *et al.*,**[1]<br><br>　　　　　　　　　　　　**Debtors.** | Chapter 11<br><br>Case No. 15-10197 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 4, 2015 at 1:30 p.m. (ET)<br>Objection Deadline: February 26, 2015 at 4:00 p.m. (ET)<br><br>Related Docket No.: 304 |

### OBJECTION OF DEBTORS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2004, AND LOCAL BANKRUPTCY RULE 2004-1, AUTHORIZING AND DIRECTING THE EXAMINATION OF <u>THE DEBTORS AND CERTAIN THIRD PARTIES</u>

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection to the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In the Motion, the Committee seeks the entry of an order authorizing and directing discovery relating to topics identified in the Motion (the "Examination Topics") from the corresponding parties listed in the Motion (collectively, the "Rule 2004 Parties"). In opposition to the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102

**PRELIMINARY STATEMENT**

Local Rule 2004-1 requires a sensible, simple pre-filing procedure to ensure that parties meet and confer to avoid needless motion practice. With its broadside Rule 2004 motion – long on rhetoric, but short on focused discovery requests – the Committee has failed to satisfy these requirements in its inexplicable and unnecessary rush to court. Therefore this Motion should be denied and the Committee should be directed to (i) identify information it actually needs and (ii) propose a means of obtaining that discovery that is efficient, focused and will not result in wasteful expenditures by the estate.

Indeed, this case underscores the importance of Local Rule 2004-1. The Debtors were and continue to be prepared to work cooperatively with the Committee to provide necessary discovery in an efficient, cost-sensitive and timely manner. All the Committee needed to do was to confer with the Debtors and it is likely that the parties would have been able to reach agreement on discovery without this costly and unnecessary Motion. The Committee did not engage in any such discussions, opting instead to ask this Court, based on inflammatory accusations and speculation derived from press coverage, to authorize the Committee to pursue limitless discovery on a wide array of subjects from upwards of 50 parties. It requests this extraordinarily expansive relief without providing the Court or the parties with any details about what it actually wants. To conserve the limited resources available to this estate and foster cooperation among the parties, the Committee should be directed to identify with specificity what documents it wants, what witnesses it really needs to depose, and when and in what sensible order it wants to pursue discovery.

Rule 2004 discovery, because of the breadth of discovery generally permitted, comes with certain basic prerequisites that are anchored in common sense. Specifically, Local Rule

#32679807 v1
NYI-524640264

2004-1 requires that "[a]ll motions for examination or production under this Local Rule shall include a certification of counsel that either (i) a conference was held as required and no agreement was reached or (ii) a conference was not held and an explanation as to why no conference was held." Local Rule 2004-1(b). In order to so certify, counsel must confer with the parties from whom discovery is sought and attempt in good faith to reach an agreement prior to initiating a request for Rule 2004 discovery. The Committee has not met this requirement. The course it chose instead was to file its blunderbuss Motion, designed as much (or more) for the press as for the Court and the affected parties. The Motion should be denied.

**I.    THE COMMITTEE HAS NOT SATISFIED THE REQUIREMENT IN LOCAL RULE 2004-1 TO MEET AND CONFER PRIOR TO FILING ITS MOTION.**

**A.    The Committee Did Not Discuss any Discovery Requests Related to the Motion with the Debtors Prior to Filing.**

As the Committee notes in its Motion, on February 15, 2015, counsel for the Committee sent a letter to counsel for the Debtors and for Standard General L.P. ("Standard General"), stating that it had been retained (the "Letter," a copy of which is attached to the Declaration of Robert W. Gaffey ("Gaffey Decl.")) that accompanies this objection. In the Letter, the Committee made an initial request for certain documents and information, and stated that the Committee was preparing a Rule 2004 motion. (Motion at 33.) In this correspondence, the Committee "more urgently" requested exhibits and identification of witnesses to be presented at the hearing on the Debtors' motions for approval of post-petition financing and for entry of an order approving bidding and sale procedures. By all appearances, this letter from the Committee should have initiated an orderly meet and confer process to work through any discovery issues. Unfortunately, that was not in fact the case.

On February 16, 2015, the day after receiving the letter, counsel for the Debtors and Standard General spoke via phone with counsel for the Committee regarding the Letter. (Gaffey

Decl. ¶¶ 5-9.)   None of the other interested parties in these chapter 11 cases participated in that call and, to the Debtors' knowledge, none of the other parties was contacted by the Committee to discuss the Motion prior to its filing.  (*Id.* ¶¶ 5, 14.)  During this call, counsel for the Debtors and Standard General expressed their willingness to cooperate with the Committee and to provide documents and information on a rolling basis as soon as the Committee advised what discovery it wanted.  (*Id.* ¶ 6.)  Counsel for the Debtors did so mindful of both the Committee's responsibility to investigate claims and the time pressures and limited resources involved in this proceeding.  (*Id.*)

The Committee did not engage in any meaningful dialogue regarding discovery, stating expressly that the first paragraph of the letter could be skipped and the parties should instead focus on the more "urgent" discovery requests (in paragraph 2) relating to the upcoming hearing. (*Id.* ¶ 8.).  The Committee made only a passing reference to its work preparing a Rule 2004 motion, giving no indication as to the size, breadth or timing of the filing it would make the very next day.  (*Id.*)  For the remainder of the call, the parties discussed requests related specifically to the hearing.  (*Id.* ¶ 9.)

At no point leading up to, during, or following this call did the Committee suggest that the call was intended to satisfy any meet and confer obligations regarding Rule 2004 discovery. (*Id.* ¶ 11.)  This was especially striking because the  Debtor expected and anticipated the need for discovery and  had mobilized internal resources to work with the Committee to respond to discovery on an expedited basis.  The Committee, however, avoided any discussion regarding discovery it needed with respect to the topics included in the Motion and instead focused almost exclusively on the upcoming hearing.  Consistent with its intent to cooperate, the Debtors agreed

-4-

over the course of the call to provide two witnesses for depositions over the weekend of February 21-22 and to provide documents requested by the Committee within one day.[2]

The very next day, with no further discussion, the Committee filed its nearly 40-page Motion, replete with its colorful cultural references, selective survey of media coverage and broad conspiracy theories regarding events leading to the Company's chapter 11 filing, none of which had been discussed previously. In hindsight, the Committee must have been well down the road of completing this overheated Motion during the afternoon call with the Debtors and Standard General, yet it elected not to raise or discuss any specific discovery it wants to investigate the alleged claims described in the Motion. Indeed, as of the filing of this objection, the Committee has still not discussed with the Debtors the discovery it wants. The only things the Committee identified with any specificity were board minutes and board packages, and they have been produced.

### B. No Meet and Confer Occurred.

The Committee thus failed to fulfill its obligations to meet and confer, as contemplated by Local Rule 2004-1, prior to filing its Motion. Instead, the Committee has moved for Rule 2004 discovery without having discussed its substance with Debtors or any other party from which it seeks this discovery. Notably, despite its excessive length, and the care with which the Committee lays out all sorts of accusations based on reports in the press, the motion itself attaches no actual discovery requests. It leaves the Debtors, and the Court, at a complete loss as to the actual documents that the Committee truly seeks or the individuals it wants to depose. Rather than provide the Debtors and the other parties from which it seeks discovery with specific document requests, either orally or in writing, the Committee has merely wasted valuable time and needless expense in filing this Motion. The Committee's references to Hemingway and Star

---

[2] These depositions were later adjourned to February 24.

Wars, among other things, are entertaining (and pressworthy) but the Motion soon loses its charm because it was both (i) unnecessary in view of the stated willingness of the Debtors and Standard General to respond to discovery without the need for any 2004 order and (ii) crafted at significant legal expense, a needless cost made more troubling in the broader context of the Company's financial distress. The purpose of Local Rule 2004-1's meet and confer requirement is to avoid exactly such waste.

### C. The Committee Has Not Stated (And Cannot State) That No Agreement Was Reached.

Near the conclusion of the Motion, the Committee includes a "Certification of Compliance with Local Rule 2004-1" section in which it states that the February 16, 2015 call with the Debtor and Standard General was an "initial 'meet and confer'" under Rule 2004 and that the Court should deem the requirements of Local Bankruptcy Rule 2004-1 to have been satisfied. That call did not come close. As described above and in the attached Gaffey Declaration, the Committee foreclosed any discussion of discovery related to the Motion in that call, opting instead to focus on the upcoming hearing.

Any claim by the Committee to the contrary, even if credited, would not salvage its Motion. Assuming for argument sake only that the February 16, 2015 conference call with the Debtors and Standard General did in fact constitute a "meet and confer" call (which it did not), the Committee is required under Local Rule 2004-1(b) to state that no agreement was reached as to the items discussed in the Meet and Confer. Tellingly, the Committee makes no such representation in its Motion, nor could it. This alone puts it in violation of the rule. The Committee chose in the short February 16 call to skip past the Rule 2004-related items in the Letter. It never asked for the Debtors' or Standard General's agreement on anything – though, again, the Debtors and Standard General stated unequivocally that they would be cooperative

when specific requests were made.  As a result, the Committee cannot represent in its motion – as it must to satisfy Local Rule 2004-1 – that no agreement was reached.

## II. RULE 2004 DOES NOT ALLOW FOR LIMITLESS AND WASTEFUL DISCOVERY.

As described above, the Committee's Motion is procedurally barred, and wasteful of valuable time and resources, and therefore should be denied.  Doing so will obligate the Committee to do what it was supposed to have done in the first place: substantively "meet and confer" with the Debtors and other interested parties, which hopefully will result in cooperative and cost-efficient agreement over discovery.

That being said, it bears note that the sweeping theories of discovery articulated by the Committee in the Motion do not survive Rule 2004 scrutiny.  Rule 2004 discovery is not limitless; it permits some "fishing expeditions," but it does not allow thematic investigative campaigns without focus or good sense.  "[T]he net, in the discretion of the Court, can be carefully stitched to limit its catch." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).  "[C]ourts may limit, condition or even forbid the use of Rule 2004 where it is used to abuse or harass." *Martin v. Schaap Moving Sys.*, 1998 U.S. App. LEXIS 15255, at *7 (2d Cir. 1998) (unpublished) (citing *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wisc. 1984)) (internal quotations omitted).

Where the party seeking Rule 2004 discovery has access to this discovery through other, less intrusive and burdensome means, such as cooperation by the relevant counter-parties, and still chooses to bring a Rule 2004 motion, the Court may find that the motion is "solely for the purpose of harassment." *Martin v. Schaap Moving Sys.*, 1998 U.S. App. LEXIS 15255, at *7-8

(2d Cir. 1998) (unpublished).³ Additionally, "the examination should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor." *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). The Court must look at the totality of the circumstances involved. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008). Indeed, it must balance the interests of the parties, measuring respective costs and burdens. *See Id.*; *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *In re Deshetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011).

Because no actual discovery requests are attached to the Motion, it is not possible for the Court or the parties to fully assess whether the breadth and scope of the discovery is appropriate or instead is abusive, burdensome, overly costly, duplicative and/or unnecessary. Notwithstanding the absence of specific requests, however, the over breadth of the requested discovery is evident from the Committee's request that it be authorized to issue any document or deposition subpoenas it wants, to more than 50 different parties. Limitless discovery of that potential magnitude will obviously be disruptive and costly to the Debtors, and the Committee has made no showing whatsoever as to why it needs to pursue discovery from so many parties.

As stated above, the Debtors have offered to work with the Committee to produce documents requested in an informal and efficient manner. This cooperation is not merely hypothetical. To the contrary, the Debtors have already agreed to make witnesses available to the Committee for depositions in a continuing effort to efficiently proceed through these chapter 11 cases. Once the Committee provides actual, concrete discovery requests rather than relying

---

³ The Debtors are at a loss to understand the Committee's motivation for filing the Motion, especially in light of the Debtors' express willingness to cooperate in discovery. The Committee's public filing, however, did result in needless press coverage echoing the Committee's Motion and its unfounded criticisms of the Debtor and its management and, perhaps, this was one of its purposes.

#32679807 v1
NYI-524640264

on the accusatory speculation of its Motion, the Debtors will work collaboratively to promptly provide relevant information so that the Committee can efficiently carry out its investigation.

In contrast, authorizing the Committee to proceed with unspecified, limitless discovery pursuant to Rule 2004 would undermine the sensible procedure outlined by Local Rule 2004-1 and create significant, unnecessary expense for the Debtors and their respective estates. The breadth and nonnecessity of this Motion demonstrate its impermissible purpose. Thus the Motion, if entertained by the Court despite its procedural infirmity, should at a minimum be restricted based on considerations of cost, alternative means and efficiency.

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Motion be denied.

Dated: Wilmington, Delaware
       February 24, 2015

Respectfully submitted,

*/s/ Evelyn J. Meltzer*
David M. Fournier (DE 2812)
Evelyn J. Meltzer (DE 4581)
Michael J. Custer (DE 4843)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
Wilmington, Delaware 19899
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
fournierd@pepperlaw.com
meltzere@pepperlaw.com
custerm@pepperlaw.com

Robert W. Gaffey
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
rwgaffey@jonesday.com

#32679807 v1
NYI-524640264

Gregory M. Gordon
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com

*PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION*

-10-

#32679807 v1
NYI-524640264