# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| RADIOSHACK CORPORATION, et al.,[1] | Case No. 15-10197 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 7, 109, 886** |

## AMENDED ORDER AUTHORIZING THE DEBTORS TO (I) MAINTAIN CERTAIN CUSTOMER PROGRAMS AND (II) HONOR OR PAY RELATED PREPETITION OBLIGATIONS TO THEIR CUSTOMERS

This matter coming before the Court on the Motion for an Order Authorizing the Debtors to (i) Maintain Certain Customer Programs and (ii) Honor or Pay Related Prepetition Obligations to Their Customers (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; after due deliberation the

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Court having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, in their sole discretion, to continue, renew, modify, terminate or replace the Customer Programs.

3. The Debtors are authorized, in their sole discretion, to satisfy all Customer Obligations, other than obligations in connection with the Extended Service Contracts, in an aggregate amount not to exceed $20 million.

4. The Debtors are authorized, in their sole discretion, to satisfy obligations in connection with Extended Service Contracts, in an aggregate amount not to exceed $4.5 million.

5. The Debtors are authorized, in their sole discretion, to satisfy all Customer Obligations related to the Gift Card Program through March 31, 2015.

6. Subject to the limitations set forth herein, the Debtors are authorized, in their sole discretion, to honor and fulfill all other Customer Obligations in the ordinary course of business.

7. The Banks are authorized, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Customer Obligations, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The

Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

8. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute a Customer Obligation; or (v) the assumption of any contract.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

10. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated: March 10, 2015
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE