**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RADIOSHACK CORPORATION,, *et al.*[1] | ) ) ) | Case No. 15-10197 (BLS) |
| Debtors. | ) ) ) |  |

**STATEMENT OF FINANCIAL AFFAIRS
ATLANTIC RETAIL VENTURES, INC.
(CASE NO. 15-10199 (BLS))**

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

```
-----------------------------------------------------------------x
                                               :
In re                                          :  Chapter 11
                                               :
RadioShack Corporation, et al.,¹               :  Case No. 15-10197 (BLS)
                                               :
                         Debtors.              :  (Jointly Administered)
                                               :
-----------------------------------------------------------------x
```

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

RadioShack Corporation (Case No. 15-10197 (BLS)) ("RadioShack" or the "Company") and its seventeen domestic direct and indirect subsidiaries (together with RadioShack, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On February 5, 2015 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 15-10197 (BLS). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the

---

[1] The Debtors in these cases are RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**General Comments**

**Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification.  The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation**.  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, RadioShack historically has prepared consolidated financial statements, which included financial information for all of its subsidiaries and which in the past have been audited annually.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis.  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Schedules and Statements have been signed by William R. Russum, Corporate Controller, for RadioShack Corporation.  In reviewing and signing the Schedules and Statements, Mr. Russum has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Russum, either directly or indirectly.  Mr. Russum has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations**.  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date and all assets as of January 31, 2015.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency.  In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and

Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records as of (i) January 31, 2015 for asset values and (ii) the Petition Date for liability values.  Therefore, unless otherwise noted, the Schedules are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset ID).  The Debtors believe that certain of their assets, including (i) intangibles with indefinite life (principally trademarks and tradenames), and (ii) certain owned property may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases.  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date, but expect that they will need to re-evaluate such values during their chapter 11 cases and take appropriate impairment charges, in accordance with GAAP, to accurately reflect the carrying values.

**Property and Equipment – Owned.**  Owned property and equipment are recorded at cost.  Depreciation and amortization are calculated based on common depreciation methods and depreciable periods ranging from 3 to 35 years.  Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.

**Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.**  Certain litigation actions (the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors.  The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action.  The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable and (iii) vendors provide volume rebates and cash discounts.  Certain of

these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

**Application of Customer Credits.**  In the ordinary course of their business, the Debtors maintain a number of customer programs including (i) the repurchase of damaged products, (ii) merchandising agreements, (iii) sales adjustments and (iv) coupon collection and payment.  Therefore, the Debtors apply credits due pursuant to such programs against amounts due by customers, and the amounts reported on the Schedules and Statements are net of such customer credits.

**Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all un-invoiced vendor charges.  To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "various."

The Debtors intentionally have not included "non-cash" accruals, *i.e.* accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized the Debtors, among other matters, to (i) continue certain customer practices, (ii) pay prepetition wages, salaries, employee benefits and other related obligations, (iii) pay certain priority claims in the ordinary course of business, (iv) pay certain prepetition sales, use and other taxes, (v) make certain utility payments, (vi) pay certain prepetition shipping charges and related possessory liens, and (vii) pay certain lienholders.  While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various adjustments as well as "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," "or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

**Employee Claims.**  The Bankruptcy Court entered an order granting authority to, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations.  With the exception of any prepetition severance, SERP, and deferred compensation obligations, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the

ordinary course of business and therefore, the Schedules and Statements do not include such claims.  Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.  In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

**Addresses of Employees.**  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

**Intercompany Payables/Receivables.**  For purposes of these Schedules and Statements, the Debtors have reported intercompany payables and receivables on Schedules B-16 and F as a net balance payable or receivable between the various Debtors.

**<u>Schedules</u>**

**Schedule B – Personal Property**

<u>Item 9 – Interests in Insurance Policies</u>.  The Company maintains certain insurance policies essential to its continued operations, including, but not limited to, property, casualty, motor vehicle and general liability, and director and officer insurance policies. While the Company does have substantial self-insurance liabilities, the Company believes that these liabilities were fully collateralized as of the Petition Date.  The terms of the policies are similar to insurance policies typically maintained by corporate entities that are similar in size and nature to the Company.  The Company's insurance policies generally are structured to provide coverage for all of its direct and indirect subsidiaries and affiliates.

<u>Item 13 – Stock and Interests in Incorporated and Unincorporated Businesses</u>.  Each Debtor's Schedule B includes its ownership interests, if any, in subsidiaries and partnerships at historical cost value (unadjusted for historical profits and losses).

<u>Item 14 – Interests in partnerships or joint ventures.</u>  Same as Item 13 above.

<u>Item 16 – Accounts Receivable</u>.  Because the detailed trade accounts receivable are reflective of the Debtors' proprietary customer lists, trade accounts receivable are reported in the aggregate only.  Furthermore, the accounts receivable are reported net of purchase discounts earned by certain customers.  The Debtors reserve all of their rights with respect to such credits and allowances.

<u>Item 22 – Patents, Copyrights, and Other Intellectual Property</u>.  The Debtors have made their best efforts to identify and list all patents, copyrights and other intellectual property.  As of the petition date, these assets were reflected in the Company ledger with zero dollar values, and on these schedules with "undetermined" as the value.

<u>Item 23 – Licenses, franchises, and other general intangibles</u>.  Same as Item 22 above.

<u>Item 30 – Inventory</u>.  Inventories are valued at the lower of cost or market value.  The cost of most inventories generally is determined using the first-in, first-out method.

### **Schedule D – Creditors Holding Secured Claims**

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

### **Schedule E – Creditors Holding Unsecured Priority Claims**

Certain of the claims of state and local taxing authorities set forth in Schedule E, which the Debtors have designated as contingent, disputed and unliquidated, ultimately may be deemed to be secured claims pursuant to state or local laws.

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.  The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority, and the listing of any claim on Schedule E does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

### **Schedule F – Creditors Holding Unsecured Nonpriority Claims**

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims/claimants.  Specifically, the Schedule F forms for RadioShack Customer Service LLC and RadioShack Corporation include estimated liabilities for the outstanding RadioShack store gift cards and the self-insured retention amounts associated with the corporate insurance programs, respectively.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract of unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Because most of the Debtors' purchase orders are short term and have been or will soon be fully performed, Schedule G does not include purchase orders in existence as of the Petition Date. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

## Statements

Question 3b – Payments to Creditors. The Debtors process all of their disbursements through a consolidated, centralized processing facility without regard for the individual Debtor entity involved. Consequently, for purposes of these Schedules and Statements, the Debtors have attempted to allocate and assign the payments made to creditors in the 90 days preceding the Petition Date to the individual Debtor entities based on the company/store code assigned to the individual components of aggregated invoices. The responses to this question 3b reflect the creditor's payment activity by payment date as opposed to cleared date and by vendor/creditor code as it appears in the Debtors' payment register. As such, the information may include associated credit memo information. It does not reflect any subsequent stop payment or void information. Neither does it reflect any payroll/payroll tax related payments during the 90 days preceding the Petition Date.

Question 7 – Gifts and Charitable Contributions. To the extent information regarding gifts and charitable contributions is available, the Debtors have included it in the Statements. In the

ordinary course of business, the Debtors make certain immaterial gifts and/or charitable contributions (both cash and goods, including sponsorships) at their local plants which are neither recorded at the corporate level nor separately classified for tax purposes.  The Debtors' Schedules and Statements do not include information regarding such amounts.

Question 17 – Environmental Information.  The Debtors have conducted a thorough review of prepetition environmental matters.  Accordingly, the Debtors have provided the environmental information to the best of their ability based on information compiled for fiscal year ending January 31, 2015.

Question 19 – Books, Records and Financial Statements.

Question 19b.  PricewaterhouseCoopers LLP has been, and continues to be, the Debtors' auditor.  KPMG LLP has, within two years before the Petition Date, provided income tax compliance and consulting work to the Debtors.

Question 19d:  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, unions, debtholders and their legal and financial advisors.  Additionally, financial statements have been provided to other parties as requested.  Rather than provide an extensive list of financial statement recipients (a process that would prove onerous for the Debtors), the Debtors offer this Global Note.

Question 21b –  For purposes of identifying equity holders with greater than 5% equity ownership, the Debtors did not consider any future dilution of the stock.  Consequently, there may be individuals or entities that hold unexercised stock options or warrants that are not included in the Statements, including Statement 21b.

Question 23 – Distributions by a Corporation (Including to Insiders).  The Debtors have reflected payments and distributions to insiders on the Statement of each Debtor, as applicable.  The amounts presented on the Statements are reflective of the gross payments received by each of the reported insiders.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
**District of Delaware**

In re  **Atlantic Retail Ventures, Inc.**                                              Case No.  **15-10199**
Debtor(s)                                                                              Chapter   **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ■    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

  AMOUNT          SOURCE

---

**2. Income other than from employment or operation of business**

None ■    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

  AMOUNT          SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

**None** ■ *Complete a. or b., as appropriate, and c.*

    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■   b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

**None** ■   c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ■   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

**None** ■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

### 5. Repossessions, foreclosures and returns

**None** ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

**None** ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

**None** ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

**None** ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

**None** ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

**None** ■ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
4

### 10. Other transfers

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **See SOFA 13 Attachment** | | |

### 14. Property held for another person

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
5

### 15. Prior address of debtor

None ■ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None ■ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **See SOFA 19a Attachment** | |

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **PricewaterhouseCoopers LLP** | **2001 Ross Ave., Suite 1800**<br>**Dallas, TX 75201** | **Last 45 Years to present.** |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Carlin Adrianapoli, Interim CFO** | **300 Trinity Campus Circle**<br>**Fort Worth, TX 76102** |
| **William R. Russum, Corporate Controller** | **300 Trinity Campus Circle**<br>**Fort Worth, TX 76102** |

B7 (Official Form 7) (04/13)
7

| | |
|---|---|
| None ☐ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Note:** | **The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, debtholders and their legal and financial advisors. Financial statements have also been provided to other parties as requested. Rather than provide a list of financial statement recipients, the Debtors offer this Global Note.** |

**20. Inventories**

| | |
|---|---|
| None ■ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

| | |
|---|---|
| None ■ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above. |

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

| | |
|---|---|
| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

| | |
|---|---|
| None ☐ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **See SOFA 21b Attachment** | | |

**22 . Former partners, officers, directors and shareholders**

| | |
|---|---|
| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

| | |
|---|---|
| None ■ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

B7 (Official Form 7) (04/13)
8

### 23. Withdrawals from a partnership or distributions by a corporation

None ■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ☐  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **RadioShack Corporation** | **75-1047710** |

### 25. Pension Funds.

None ☐  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **RadioShack 401(k) Plan** | **75-1047710 -- Plan #001** |

\* \* \* \* \* \*

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **March 16, 2015**   Signature _[signature]_
**William R. Russum**
**Corporate Controller**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re Atlantic Retail Ventures, Inc.
Case No. 15-10199
SOFA 13 - Setoffs

| Name of Creditor | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Date of Setoff | Amount of Setoff |
|---|---|---|---|---|---|---|---|---|---|
| The Debtors accept payment in their various facilities in the form of credit cards.  As a result of the relationship with the credit card processing companies, the Debtors are involved in setoff transactions every day.  Documentation of these credit card setoff transactions for the 90 days prior to the Petition Date would prove onerous and unwieldly. Consequently, the Debtors have not attempted to report this information on these reports. | | | | | | | | | |

In re Atlantic Retail Ventures, Inc.
Case No. 15-10199
SOFA 19a - Books, records and financial statements:  bookkeepers and accountants

| Name | Address1 | City | State | Zip | Dates Services Rendered |
|---|---|---|---|---|---|
| Carlin Adrianapoli, Interim Chief Financial Officer | 300 Trinity Campus Circle | Fort Worth | TX | 76102 | December 2014 to Present |
| Willam R. Russum, Corporate Controller | 300 Trinity Campus Circle | Fort Worth | TX | 76102 | October 2013 to Present |
| Holly Etlin, Interim Chief Financial Officer | 2000 Town Center, Suite 2400 | Southfield | MI | 48075 | July 2013 to February 2014 and September 2014 to December 2014 |
| John Feray, Chief Financial Officer | 504 Harmony Lane | Colleyville | TX | 76034 | February 2014 to September 2014 |
| Dorvin Lively, Chief Financial Officer | 26 Fox Run Road, Room 114 | Newington | NH | 03801 | August 2011 to July 2013 |
| Martin O. Moad, Corporate Controller | 2005 Forest Park Blvd. | Fort Worth | TX | 76110 | July 2007 to October 2013 |

In re Atlantic Retail Ventures, Inc.
Case No. 15-10199
SOFA 21b - Current Partners, Officers, Directors and Shareholders, corporation

| Name | Address1 | Address2 | City | State | Zip | Title | Nature and Percentage of Stock Ownership |
|---|---|---|---|---|---|---|---|
| Joel H. Tiede | RadioShack Corporation | 300 RadioShack Circle | Fort Worth | TX | 76102 | Vice President & Treasurer | N/A |
| Robert C. Donohoo | RadioShack Corporation | 300 RadioShack Circle | Fort Worth | TX | 76102 | President, Secretary & Director | N/A |
| SCK, Inc. (15-10210) | RadioShack Corporation | 300 RadioShack Circle | Fort Worth | TX | 76102 | | 100% |
| William R. Russum | RadioShack Corporation | 300 RadioShack Circle | Fort Worth | TX | 76102 | Vice President & Director | N/A |