UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                   :

| | |
|---|---|
| In re: | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | Case No. 15-10197 (BLS) |
| Debtors. | (Jointly Administered) |
| | Related Docket Nos. 220, 457, 611, 666 |

------------------------------------------------------------ x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 365 AND FED. R. BANKR. P. 2002 AND 6006: (I) APPROVING THE DEBTORS' ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY TO SPRING COMMUNICATIONS HOLDING, INC.; AND (II) GRANTING RELATED RELIEF**

This Court having entered the Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code (I) Authorizing the Debtors to Enter Into Designation Rights Agreement; (II) Authorizing the Debtors to Sell Designation Rights; (III) Approving the Assumption and Assignment Procedures Set Forth Herein; and (IV) Granting Other Related Relief [Dkt. No. 666] (the "DRA Approval Order"),[2] pursuant to which, among other things, the Court approved a Designation Rights Agreement (the "DRA") between RadioShack Corporation and the other above-captioned debtors (collectively, the "Debtors") and Spring Communications Holding, Inc. (the "Buyer") attached as Exhibit A thereto, authorized the Debtors to sell to Buyer lease designation rights for the 163 leases identified in the DRA (the "Leases") and approved procedures for the

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the DRA Approval Order.

#33210852 v1

assumption and assignment of the Leases; and it appearing that pursuant to the DRA and the DRA Approval Order, Buyer has directed the Debtors to (i) assume each of the leases identified on <u>Exhibit A</u> to this Order (collectively, the "<u>Assumed Leases</u>") relating to the premises associated with the Assumed Leases (collectively, the "<u>Premises</u>") and (ii) assign such Assumed Leases to Buyer as assignee (the "<u>Assignee</u>"); and it further appearing that pursuant to Lease Modification Agreements executed by the non-debtor counterparties to the Assumed Leases (the "<u>Landlords</u>"), the Landlords have, among other things, waived the notice requirements set forth in the DRA for the assumption and assignment of the Assumed Leases and all claims under Section 365(b) of the Bankruptcy Code; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to 11 U.S.C. §§ 105(a), 363 and 365, the assumption and assignment of the Assumed Leases to the Assignee is approved as set forth herein. Upon the later of the entry of this Order and April 1, 2015 (the "<u>Lease Closing Date</u>"), the Debtors are authorized to consummate the assumption and assignment of the Assumed Leases (as same may be modified in accordance with a lease modification agreement entered into with a Landlord and the Assignee) to the Assignee. The Debtors are authorized to enter into any additional documents in furtherance of the consummation of the assignment of the Assumed Leases to the Assignee including, but not limited to, the form of Assumption and Assignment Agreement approved pursuant to the DRA Approval Order.

2. All objections to the entry of this Order that have not been withdrawn, waived or settled are denied and overruled on the merits.

3. The Debtors and the Assignee have provided the Landlords with adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1), 365(b)(3) and 365(f)(2)(b).

4. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the transfer, conveyance and assignment of the Assumed Leases to the Assignee are legal, valid and effective disposition of the Assumed Leases and vest the Assignee with all right, title and interest of the Debtors to and in the Assumed Leases free and clear of (i) all liens (as that term is defined in section 101(37) of the Bankruptcy Code), encumbrances, mortgages, security interests and other similar encumbrances (collectively, "Liens"), (ii) all claims (as that term is defined in section 101(5) of the Bankruptcy Code), demands, liabilities as a result of the assignment, and (iii) claims or liabilities accruing during or relating to the period prior to the Lease Closing Date, including but not limited to unpaid rent, other charges under the Assumed Leases and any CAM reconciliations and/or adjustments (items (i)-(iii) collectively, "Claims and/or Interests").

5. All defaults, claims or other obligations of the Debtors arising or accruing under the Assumed Leases, if any, prior to the Lease Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) including but not limited to unpaid rent, other charges under the Assumed Leases and any CAM reconciliations and/or adjustments have been waived by the applicable Landlord and shall be deemed cured.

6. All Claims and/or Interests are hereby unconditionally released, discharged and terminated, and all persons and entities holding Claims and/or Interests of any kind and nature accruing, arising or relating to a period prior to the Lease Closing Date with respect to the Assumed Leases are hereby barred from asserting such Claims and/or Interests

against the Debtors, the Buyer/Assignee or any of their respective affiliates, stockholders, members, partners, parent entities, successors, assigns, officers, directors, employees, agents, representatives, and attorneys.

7.  Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall have no liabilities for any claims (as that term is defined in section 101(5) of the Bankruptcy Code) arising from, relating to or accruing under the Assumed Leases on or after the Lease Closing Date; *provided*, *however*, nothing herein shall prevent a Landlord from proceeding against the Debtors' insurance for claims against the Debtors arising prior to the effective date of such assignment, but solely to the extent of available insurance coverage for such claims.

8.  The assignment of the Assumed Leases to the Assignee pursuant to this Order shall be valid and binding upon the Assignee and each Landlord notwithstanding any provisions in the Assumed Leases that purport to declare a breach or default as a result of a change or transfer of control of any interest in respect of the Debtors. No sections or provisions of the Assumed Leases, that purport to (i) prohibit, restrict, or condition the Debtors' assignment of such Assumed Leases, including, but not limited to, the conditioning of such assignment on the consent of the non-debtor party to such Assumed Leases; (ii) provide for the cancellation, or modification of the terms of the Assumed Leases based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Assumed Leases upon assignment thereof; or (iv) provide for any rights of first refusal on a Landlord's part, or any recapture or termination rights in favor of a Landlord, or any right of a Landlord to take an assignment or

sublease from a tenant, shall have any force or effect with respect to the assignment of Assumed Leases by the Debtors to the Assignee authorized by this Order.

9. Notwithstanding any provisions in the Assumed Lease to the contrary, the Assignee may (i) use the Premises for the (a) display, purchase and sale at retail of merchandise and services commonly sold in stores operated by GameStop, Inc. or its affiliates, including but not limited to the sale of new and pre-owned video games, video game related hardware, accessories, content and add-ons, other devices upon which games are commonly played, entertainment related books, magazines, other periodicals, related supplies and services, peripherals, related gift items (including, but not limited to, action figures, toys, trading cards and other items which have a "tie-in" to other items sold herein) plus other items customarily sold by entertainment software/video stores including DVD's, any other similar and related items to the above and technological evolutions thereof, other movie formats, games and items incidental thereto; and (b) sale of other devices upon which games may be purchased or played; (ii) operate the Premises under its trade name or other trade name under which the Assignee will operate the Premises; (iii) perform non-structural interior alterations and remodeling of the Premises without further consent of any person or party to the extent necessary to cause the layout to conform to the Assignee's typical store consistent with Assignee's use; and (iv) remain "dark" at the Premises for a period of one hundred and twenty (120) days following the Lease Closing Date to perform said alterations and remodeling. In addition, Assignee shall (x) have the right to use a reasonable portion of the Premises for clerical and office purposes and for the storage of merchandise which Assignee intends to offer for sale from the Premises and (y) not be prohibited from transferring its merchandise to other stores to consummate sales made at such other stores. Additionally, Assignee is authorized to erect its customary and typical building

façade signs (except as otherwise permitted under the applicable Real Property Lease, the height of the channel letters of such sign shall be substantially consistent with the height of the channel letters of the Debtors' current sign, and the width of such signage shall not exceed the width of the Debtors' current sign) and insert its customary and typical signage on the shopping center's multi-panel pylon, if any, in place of any such pylon panel sign of the Debtors (provided that the size of the space on the pylon for such sign shall be equal to the size of the space allocated to the Debtors' current sign).

10. The assignment of the Assumed Lease and the subsequent delivery of the Premises to the Assignee is "as is, where is."

11. Except for the obligations to the Landlords under this Order, the Assumed Lease and any Assumption and Assignment Agreement, the transfer, sale and assignment of the Assumed Leases to the Assignee shall not subject or expose the Assignee or the Debtors or any of their respective related parties to any liability, claim, cause of action or remedy by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity, or (ii) any employment contract, understanding or agreement, including without, limitation collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

12. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the assignment of the Assumed Leases to the Assignee.

#33210852 v1

13. Following the Lease Closing Date, the Assignee may dispose of any personal property abandoned in the Premises without liability to any third party claiming an interest in such abandoned personal property.

14. This Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assumed Leases, each of whom is hereby authorized to accept this Order as sole and sufficient evidence of the transfer of title of the Assumed Leases to the Assignee and such agency or department may rely upon this Order in consummating the transactions contemplated herein. All Liens against the Debtors' estate of record as of the date of this Order shall, upon the occurrence of the Lease Closing Date, be removed and stricken as against the Assumed Leases, without further order of the Court or act of any party.

15. The assumption, assignment and sale of the Assumed Leases to the Assignee may not be avoided under 11 U.S.C. § 363(n).

16. Upon the closing of the assumption, assignment and sale of the Assumed Leases to the Assignee, the Assignee will be deemed to have acted in good faith in purchasing the Assumed Lease, as that term is used in 11 U.S.C. § 363(m), and no reversal or modification of this Order on appeal will affect the validity of the assumption, assignment and sale of the Assumed Leases to the Assignee.

#33210852 v1

17. This Order shall inure to the benefit of and be binding on the Assignee, the Debtors, their estates, their creditors, the Landlord, and their respective successors and assigns, any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtors' cases.

18. Pursuant to Fed. R. Bankr. P. 6004(h), 6006(d), 7062 and 9014 and any other applicable rule, the terms and conditions of this Order shall be effective immediately upon entry and its provisions shall be self-executing.

19. This Court hereby retains exclusive jurisdiction to resolve any dispute relating to the interpretation or enforcement of this Order.

Dated: March 31, 2015
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

#33210852 v1

**Exhibit A**

#33210852 v1

| Store # | Landlord Name/Address | Center Name | City | St | ZIP | Landlord Contact Information | Cure | Cure Objection Filed | Cure Waived Per Lease Modification Agreement |
|---|---|---|---|---|---|---|---|---|---|
| **Spring Communications Holding, Inc. operating as AT&T** Authorized Retailer | | | | | | | | | |
| 2682 | 204TH STREET PARTNERS LLC<br>C/O COMJEM ASSOCIATES LTD, ATTN: JACK COHEN<br>1430 BROADWAY, SUITE 1505<br>NEW YORK, NY 10018 | 204TH STREET | BRONX | NY | 10467 | jcohen@comjem.com | $ 8,158.95 | | Yes |
| 2866 | 1169 LIBERTY LLC<br>5255 74TH STREET<br>ATTN: DAVID WEINMAN<br>ELMHURST, NY 11373 | LIBERTY AVENUE | BROOKLYN | NY | 11208 | jody@markmanlaw.com<br>maxw@fabshoes.com | $ 15,937.50 | | Yes |
| 6594 | CHICAGO TITLE LAND TRUST COMPANY<br>C/O DENNIS WOLTER<br>110 W. FAIRWATER AVENUE<br>BEVERLY SHORES, IN 46301 | 3168 NORTH BROADWAY | CHICAGO | IL | 60657 | fjzlaw@sbcglobal.net | $ 8,820.00 | | Yes<br>No |
| 6599 | FTK 1, LLC<br>C/O AVISON YOUNG-PROPERTY MANAGEMENT<br>120 N. LASALLE STREET, SUITE 3300<br>CHICAGO, IL 60654 | FRETTER SQUARE | MELROSE PARK | IL | 60160 | ken@northshoreholdingsltd.com | $ 7,359.84 | | Pre-petition (to be paid by GameStop): $4,337<br>Post-petition (to be paid by Debtor): $3,023 |
| 6986 | GARRISON CENTRAL SAGAMORE LLC<br>P.O. BOX 1097<br>ATTN:: ANITA HUNTER<br>GRAHAM, NC 27253 | SAGAMORE AT 26 SC | LAFAYETTE | IN | 47904 | hwhitten@selectstrat.com | $ 5,747.91 | | Yes |
| 8976 | ISRAM PASCO, LLC<br>506 SOUTH DIXIE HIGHWAY<br>HALLANDALE, FL 33009 | PASCO SQUARE SHOPPING CTR | NEW PORT RICHEY | FL | 34653 | | $ 3,170.81 | | Yes |