**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] ) | |
| ) | Case No. 15-10197 (BLS) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**JOINT STATEMENT OF THE ADMINISTRATIVE AGENT FOR THE
DEBTORS' DEBTOR-IN-POSSESSION CREDIT FACILITY AND THE
FIRST OUT ABL LENDERS RELATING TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THEM TO SELL
DEFENSE MOBILE HANDSETS FREE AND CLEAR OF
<u>ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES</u>**

Cantor Fitzgerald Securities LLC, as administrative agent (the "<u>Agent</u>") under that certain Debtor-In-Possession Credit Agreement, dated as of February 5, 2015, among RadioShack Corporation, as Borrower, the Agent, certain subsidiaries and affiliates of RadioShack Corporation as Credit Parties thereunder, and several financial institutions party thereto as Lenders (as the same may be amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreement</u>") and the First Out Lenders party thereto (the "<u>First Out ABL Lenders</u>"),[2] each by their undersigned counsel, state with respect to Debtors' Motion for Entry of an Order Authorizing Them to Sell

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2] The First Out ABL Lenders are funds managed or advised by BlueCrest Capital Management (New York) LP; DW Partners, L.P.; Macquarie Credit Investment Management Inc.; Mudrick Capital Management, L.P.; Saba Capital Management, L.P.; T. Rowe Price Associates, Inc. and Taconic Capital Advisors L.P.

Defense Mobile Handsets Free and Clear of All Liens, Claims, Interests and Encumbrances [ECF No. 1755] (the "Motion"):[3]

The Motion

1. The Motion, filed April 9, 2015, seeks authority under section 363(b)(1) of the Bankruptcy Code to sell 17,244 Defense Mobile Handsets on an expedited basis to Quality One Wireless, LLC for a purchase price of $1,813.005.00, of which $381,097.50 has already been received by the Debtors as deposit. Motion ¶¶ 5-6.

2. The Agent and the First Out ABL Lenders do not object to the Debtors and Quality One completing the proposed sale of Defense Mobile Handsets as set forth in the Motion, provided that the proceeds of such sale (including the previously paid deposit) are not used to pay any SCP Obligations or other creditors and are used solely to liquidate ABL Priority Collateral and are otherwise held separate by the Debtors pending agreement on the use of cash collateral in these cases going forward.

3. The Defense Mobile Handsets indisputably constitute ABL Priority Collateral and the proceeds of the proposed sale constitute the First Out ABL Lenders' "cash collateral" within the meaning of 11 U.S.C. §363(a). The Agent, on behalf of itself and the DIP Lenders continues to have a first priority lien on all ABL Priority Collateral, and the Agent's and the First Out ABL Lenders' remaining significant interests in these cases must be adequately protected before any cash collateral can be used.

---

[3] Capitalized terms used herein and not defined herein have the meanings ascribed to such terms in the Motion and the Final Order (i) Authorizing the Debtors to (a) Obtain Financing and (b) Utilize Cash Collateral of Pre-Petition Secured Parties, (ii) Granting Adequate Protection, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 262, 363(c), (d) & (e), 364(c), (d) & (e) and 507(b) [ECF No. 947] (the "Final DIP Order") as applicable.

The First Out ABL Lenders' Statement

4. The Agent and the First Out ABL Lenders are not yet out of these cases. Notwithstanding the closing of the "going concern" sale to General Wireless, entry of the Sale Order [ECF No. 1672], repayment of principal and interest under the DIP Credit Agreement (as defined in the Final DIP Order) and provisions in the Sale Order for the Reserves (as defined in the Sale Order), the Agent and the First Out ABL Lenders are subject to pending and threatened litigation from the SCP Agent and the Creditors' Committee. These claims give rise to indemnification rights in favor of the Agent and the First Out ABL Lenders under the DIP Credit Agreement and the Pre-Petition ABL Credit Agreement. Nothing in the Sale Order, the Reserves or any other orders entered in these cases terminates the DIP Credit Agreement, the Pre-Petition ABL Credit Agreement, the Final DIP Order or the First Out ABL Lenders' rights thereunder.

5. Until these claims are fully resolved or adjudicated, the Agent and the First Out ABL Lenders have an interest in the ABL Priority Collateral. The Debtors' funding of the $12 million Reserve required under the Sale Order was adequate protection for Standard General taking substantially all of the Debtors' assets free and clear of the Agent's liens, but nothing in the Sale Order disturbed the Agent's liens on the remaining assets of the Debtors.

6. In addition, the Agent and the First Out ABL Lenders continue to incur costs in these cases, including monitoring the Debtors' continuing liquidation of ABL Priority Collateral, reviewing pleadings and proceedings in the cases, insofar as rights and interests of the Agent and the First Out ABL Lenders may be affected and responding when necessary (*i.e.*, with respect to the relief sought in the Motion) and generally remaining diligent as to the administration and winding down of these cases,

which, as the Court is well aware, have been fraught with adversity. While the First Out ABL Lenders expect such non-litigation costs to be significantly less than those they incurred leading up to the General Wireless sale, they nevertheless constitute "Obligations" under the DIP Credit Agreement and are secured by liens on ABL Priority Collateral (as well as junior liens on SCP Priority Collateral).

7. Therefore, the liens of the Agent, on behalf of the First Out ABL Lenders, must attach to the proceeds of the proposed sale of Defense Mobile Handsets as set forth in the Motion. In addition, pending resolution of the Debtors' use of cash collateral going forward, these proceeds should not be paid over to any junior creditors, such as the SCP Lenders and should be used solely to liquidate ABL Priority Collateral and otherwise be held separate by the Debtors.

8. Counsel for the First Out ABL Lenders have communicated their concerns regarding their continued interests in these cases to counsel for the Debtors, the Creditors' Committee and the SCP Lenders (as defined in the Final DIP Order) and are currently engaged with these other parties in efforts to address them. If the parties cannot come to a mutual resolution, the Agent and the First Out ABL Lenders will bring the issue to this Court. In the meantime, the Agent and the First Out ABL Lenders file this Statement as a precaution in the event resolution of their concerns is not forthcoming and in light of the expedited time in which the Debtors seek to have the motion heard.[4]

---

[4] Concurrently with the Motion, the Debtors filed a motion for expedited consideration and shortened notice seeking a hearing on the Motion on April 14, 2015. [ECF No. 1757.] As of the filing of this Limited Objection, an order granting the motion for expedited consideration and shortened notice has not been entered on the docket.

Reservation of Rights

9.    The Agent and the First Out ABL Lenders reserve their right to further object, supplement and amend this Statement and respond to any pleadings and arguments in opposition to this Statement.

## **Conclusion**

WHEREFORE, the Agent and the First Out ABL Lenders respectfully request that any relief granted in respect of the Motion be conditioned upon the rights of the Agent and the First Out ABL Lenders as set forth herein.

Dated: Wilmington, Delaware
April 13, 2015

POTTER ANDERSON & CORROON LLP

By:  __/s/ Jeremy W. Ryan_____
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)

1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

– and –

KAYE SCHOLER LLP

Scott D. Talmadge
H. Stephen Castro

250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-7039
Facsimile: (212) 836-6540

*Counsel to Cantor Fitzgerald Securities LLC, as administrative agent under the DIP Credit Agreement*

Dated: Wilmington, Delaware
April 13, 2015

DAVIS POLK & WARDWELL LLP

By: _/s/ Damian S. Schaible_____
Damian S. Schaible
Elliot Moskowitz
Darren S. Klein

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 710-5800

– and –

BLANK ROME LLP

By: ___/s/ Stanley B. Tarr_____
Stanley B. Tarr, Esquire
Victoria Guilfoyle, Esquire

1201 N. Market Street, Suite 800
Wilmington, Delaware  19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: tarr@blankrome.com
guilfoyle@blankrome.com

BLANK ROME LLP

Lawrence F. Flick II
Rick Antonoff
Michael Kim

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5001

*Counsel to the First Out ABL Lenders*