UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | : | Case No. 15-10197 (BLS) |
| Debtors. | : | (Jointly Administered) |
|  | : | **Related Docket No.: 2060** |

ORDER APPOINTING FEE EXAMINER AND ESTABLISHING
RELATED PROCEDURES CONCERNING (A) THE ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROFESSIONALS AND MEMBERS OF OFFICIAL
COMMITTEES AND (B) CONSIDERATION OF FEE APPLICATIONS

Upon consideration of the Certification of Counsel Regarding Order Appointing

Fee Examiner and Establishing Related Procedures Concerning (A) the Allowance and Payment

of Compensation and Reimbursement of Expenses of Professionals and Members of Official

Committees and (B) Consideration of Fee Applications; and the Court having previously entered

the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, dated March 9, 2015 [Docket No. 872] (the "Interim Compensation Order"),[2]

entered by the Court in the above-captioned chapter 11 cases (collectively, the "Chapter 11

Cases"); and given that the size and complexity of the Chapter 11 Cases likely will result in the

---

[1]     The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417).  The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

filing of numerous, lengthy professional fee applications; and the appointment of a fee examiner under section 105 of the Bankruptcy Code appearing to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest, and in accordance with Rule 2016-2(i) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court; and it appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors' having conferred with the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Creditors' Committee"), and the Office of the United States Trustee (the "U.S. Trustee") regarding the selection of the fee examiner (the "Fee Examiner") to be appointed in the Chapter 11 Cases and the establishment of related procedures; and the Court determined that, in conjunction with the appointment of the Fee Examiner, it was necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of the Applicants (defined below) to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines[3], and the Court having determined that sufficient cause exists to appoint the Fee Examiner;

IT IS HEREBY ORDERED THAT:

1.      Direct Fee Review, LLC is appointed and shall be employed as the Fee Examiner in the Chapter 11 Cases nunc pro tunc to February 5, 2015, subject to the terms and conditions of the Fee Examiner Retention Agreement (the "Fee Examiner Retention Agreement"), a copy of which is attached hereto as Exhibit 1.

---

[3]      Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines").

DLI-266523316v2
#33732927 v2

1.      Unless otherwise ordered by the Court, this Order shall apply to all professionals in the Chapter 11 Cases requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 330, 331, 503(b), or 1103 of the Bankruptcy Code, but excluding (i) ordinary course professionals employed by the Debtors in accordance with the Order Authorizing the Retention, Nunc Pro Tunc as of the Petition Date, and Payment of Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 1522] (the "OCP Order"),[4] (ii) members of the Creditors' Committee, on account of such members' applications for reimbursement of reasonable out-of-pocket expenses incurred in such capacity, (iii) the fees (but not the expenses) of any professionals retained in the Chapter 11 Cases that are compensated exclusively on a flat fee or contingency fee basis, and (iv) all professionals requesting the payment of any success fee or transaction fee set forth in such professionals' engagement agreement, solely with respect to such requested fee.

2.      The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that:  no later than three (3) business days after the filing of each Monthly Fee Application, each Interim Fee Application and each final fee application (a "Final Fee Application," and collectively, an "Application" or "Applications"), the Professional filing that Application ("Applicant") shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in Adobe Acrobat (pdf) format and searchable electronic format (such as LEDES, Excel, Microsoft Word or WordPerfect, but not Adobe Acrobat).  An Applicant need not send to the Fee Examiner the electronic-formatted Fee Detail for any Interim Fee Application if such

---

[4]      To the extent any professionals employed pursuant to the OCP Order are required to file formal fee applications pursuant to the terms thereof with this Court, the fees and expenses of such professional set forth in such a formal application shall be reviewed by the Fee Auditor as set forth herein.

DLI-266523316v2
#33732927 v2

Applicant has previously submitted all of such electronic-formatted Fee Detail relevant to such Interim Fee Application to the Fee Examiner, whether in conjunction with the relevant Monthly Fee Applications or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats described above, the Fee Examiner will work with such Applicant to find an appropriate electronic format.

        3.     The Fee Detail for any previously-filed Monthly Fee Application shall be provided to the Fee Examiner by each Applicant within 21 days of entry of this Order.

        4.     The Fee Examiner shall:

    (a)    review Interim Fee Applications and Final Fee Applications filed by each Applicant in the Chapter 11 Cases consistent with the terms of this Order, along with the Fee Detail related thereto. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Applications that have already been reviewed by the Fee Examiner;

    (b)    during the course of its review of an Application, consult, as it deems appropriate, with each Applicant concerning such Application;

    (c)    during the course of its review of an Application, review, to the extent appropriate, any relevant documents filed in the Chapter 11 Cases to be generally familiar with the Chapter 11 Cases and its dockets;[5]

    (d)    within 21 days after an Applicant files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2;

    (e)    within 14 days after service of the Initial Report, engage in written communication with each Applicant, the objective of which is to

---

[5]    The Fee Examiner shall be deemed to have filed a request for notice of papers filed in the Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002 and Local Rule 2002-1(b), and the Fee Examiner shall be served with all such papers.

DLI-266523316v2
#33732927 v2

resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Applicant may provide the Fee Examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

(f)    following communications between the Fee Examiner and the Applicant, and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the resolution period by filing with the Court a report with respect to each Application (the "Final Report"), within 14 days after the service of the Initial Report, subject to paragraph 6(ii) below. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2. The Final Report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each Applicant and the basis for such proposed consensual resolution; and

(g)    serve each Final Report on counsel for the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Creditors' Committee, and each Applicant whose fees and expenses are addressed in the Final Report.

5.    An Applicant subject to a Final Report may (i) file with the Court a response (a "Final Response") to such Final Report no later than 21 days after the Fee Examiner's service of a Final Report and request a ruling with respect any fees and/or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon (i) those parties served with the Final Report and (ii) the Fee Examiner.

DLI-26652331 6v2
#33732927 v2

6.      The Fee Examiner, the Applicants, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by the Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

7.      An Application shall not be considered by the Court prior to review by the Fee Examiner and the submission to the Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed. If applicable, hearings on the Applications shall be scheduled by the Court in consultation with the Debtors' counsel after the filing of the applicable Final Reports by the Fee Examiner.

8.      Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Applicant, and the Debtors' counsel. Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application, and in the reasonable discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application of shall not affect the timing of hearings on the Applications of other Applicants.

9.      The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Creditors' Committee, the U.S. Trustee, and other interested parties consistent with Rule 706 of the Federal Rules of Evidence.

DLI-266523316v2
#33732927 v2

10.     The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the ordinary hourly rate of the Fee Examiner for services of this nature and shall not include any contingency or success fees. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

11.     Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the U.S. Trustee, (ii) counsel for the Creditors' Committee, and (iii) each Professional, other than ordinary course professionals, employed by the Debtors or the Creditors' Committee in the Chapter 11 Cases pursuant to section 327 of the Bankruptcy Code.

12.     This Order does not limit the statutory rights and obligations of interested parties in the Chapter 11 Cases, including, but not limited to, the rights of parties-in-interest to object to Monthly Fee Applications, Interim Fee Applications, and/or Final Fee Applications.

13.     Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-2 of the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, to the extent they apply; nor shall any part of this Order be interpreted or construed so as to prejudice the rights of any Applicant to submit an Application for reimbursement of any fees and expenses incurred as a result of the defense of any Fee Application (or to impair any defense thereto), which shall be adjudicated in accordance with applicable law. To the extent that there

DLI-266523316v2
#33732927 v2

may be any inconsistency between the terms of the Fee Examiner Retention Agreement and this Order, the terms of this Order shall govern.

14.     The Debtors and the Fee Examiner are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order.

15.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order and the Fee Examiner Retention Agreement. Notwithstanding any provisions of this Order to the contrary, the Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

Dated: May __11__, 2015
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

DLI-266523316v2
#33732927 v2