**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RS LEGACY CORPORATION, *et. al.*, | : | Case No. 15-10197 (BLS) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| _____ | : | |
| | : | |
| FABIOLA TOSCANO, on behalf of herself | : | |
| and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Re: Adv. Pro. No. 16-51033 (BLS) |
| v. | : | |
| | : | |
| THE RSH LIQUIDATING TRUST, PETER | : | |
| KRAVITZ, Liquidating Trustee, *et. al.*, | : | **Related Docket Nos: 4233, 4290, 4291, 4292,** |
| | : | **4293, 4315, and 4316** |
| Defendants. | : | |
| _____ | : | |

Christopher M. Samis
L. Katherine Good
Chantelle D. McClamb
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, DE 19801

and

Jay R. Indyke, Esq.
Cathy Hershcopf, Esq.
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036

Co-Counsel for Liquidating Trustee

Joseph H. Huston, Jr.
Jason D. Angelo
STEVENS & LEE, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801

and

Douglas N. Silverstein, Esq.
Mia Munro, Esq.
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Blvd., suite 411
Los Angeles, CA 90069-3309

and

Daniel I. Barness, Esq.
BARNESS & BARNESS, LLP
11377 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064

Counsel for Plaintiff

## OPINION[1]

Before the Court are Motions to Dismiss filed by Peter Kravitz, the Liquidating Trustee of the RSH Liquidating Trust (the "Liquidating Trustee"), and by General Wireless Operations, Inc. and General Wireless Inc. (collectively "General Wireless"), both of which seek to dismiss the First Amended Complaint of Fabiola Toscano (the "Plaintiff"). Ms. Toscano filed this adversary proceeding on behalf of herself, as a former employee of the Debtors seeking money for unpaid accrued time off, and on behalf of a putative class of those situated similarly to her. Ms. Toscano's Complaint alleges that she and putative class members were deprived of payment of wages after General Wireless acquired RadioShack in March 2015 and refused to honor the previously earned vacation pay. The Liquidating Trustee asserts that this Court must dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Federal Rule of Bankruptcy Procedure 7012, maintaining that the Complaint is a procedurally improper attempt to circumvent the Bar Date Order. General Wireless similarly seeks to dismiss the Complaint, on the ground that she has failed to state a claim upon which relief can be granted, as General Wireless is not a successor in liability to the RadioShack Debtors. In light of a previously-issued Opinion in this adversary proceeding [Adv. Proceeding Docket No. 51], in which this Court found that the Plaintiff's claims were subject to, and missed, the applicable bar dates, the Court finds that Plaintiff's Complaint is time-barred and must be dismissed as a matter of law.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157(a), (b)(1), and 1334(b). Venue is proper pursuant to 28 U.S.C. 1408 and 1409. Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. 157(b)(2)(A), (B), and (O).

---

[1] This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure § 7052.

**BACKGROUND**

The underlying facts that give rise to this adversary proceeding are laid out in this Court's previous Opinion denying the Plaintiff's Request to Extend the Bar Date issued on August 31, 2017 [Adv. Pro. Docket No. 51]. The relevant facts before the Court today are that the Debtors filed a voluntary petition for relief under Chapter 11 on February 5, 2015, and the Debtors sold most of their assets to General Wireless during the Chapter 11 case. The Court set a general bar date of July 10, 2015 for the filing of prepetition claims against the Debtors. The Debtors' Plan of Reorganization became effective on October 7, 2015. Pursuant to the Plan, administrative expense claims that arose on or after June 1, 2015 through the effective date were subject to a bar date of December 7, 2015, while priority claims like Ms. Toscano's were subject to an earlier bar date of June 22, 2015.

Ms. Toscano worked for RadioShack in Southern California between August 2011 and July 2015, then for General Wireless between August 2015 and December 2015. She filed this Complaint hoping to initiate a class action, and subsequently amended her Complaint on September 30, 2016. In addition, she has filed a Motion for Leave to file a late claim [D.I. 4233], asking the Court to extend the bar date to allow her claims for unpaid employee vacation and wage claims against the Debtors. After considering the argument and briefing on that issue, this Court denied the Plaintiff's Motion, concluding that three separate bar dates were applicable to Ms. Toscano's claim, and all had expired well before the mention of Ms. Toscano's claims. The Court held that the bar date must be construed strictly, and that she failed to demonstrate that excusable neglect existed under FRBP 9006(b), thereby disallowing her claims. *See* Opinion dated 8/31/2017 [Adv. Proceeding Doc. No. 51].

Because the Plaintiff seeks monetary damages for unpaid wages and vacation claims from the estate in this adversary proceeding, the Liquidating Trustee argues that such remedies are properly found within in the claims administration process and cannot come about in a separate adversary proceeding. General Wireless points out that it is similarly unable to provide relief, as it did not assume the obligations asserted by Ms. Toscano, and the Asset Purchase Agreement under which they bought

Acquired Assets from the Debtors provided that the assets passed "free and clear of all Claims […] and liabilities."

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6) (made applicable here pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Dismissal for failure to state a claim is appropriate when it clearly appears that a plaintiff can prove no set of facts to support the claim entitling her to relief. *See Conley v Gibson*, 344 U.S. 41, 45-46 (1957).  To decide a motion to dismiss under Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that the Supreme Court has reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." In addition, all reasonable inferences are drawn in favor of the plaintiff. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Legal conclusions, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1946, 173 L.Ed.2d 868 (2009). Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief ... [because] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 at n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

This Court recognizes that, because Plaintiff named the Trustee as a party, this adversary proceeding seeks a payout of monetary damages from the RSL Liquidating Trust to reimburse herself and those similarly situated for accrued unpaid vacation time. However, because Plaintiff seeks monetary damages from the funds in the estate, the procedurally proper route must commence through the claims

administrative process. Case law in this Circuit dictates that, if the Plaintiff seeks payment from the Debtors' bankruptcy estate, she must first file a proof of claim in the Chapter 11 cases. See 11 U.S. C. 501, 502; *In re Reinford*, No. Adv. 10-0218, 2011 WL 139207 at *3 (dismissing an adversary proceeding where Plaintiff failed to file a proof of claim). It is "usually improper to assert a monetary claim against a debtor by means of an adversary proceeding in any event. Such causes of action should normally be relegated to the bankruptcy claims process." *In re FRG, Inc*. 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990). The fact that this is a class claim does nothing to change this analysis.

And unfortunately for the Plaintiff here, any applicable bar date for such claims has long expired. Her filing of this adversary proceeding in July 2016 took place well after any applicable bar date in June, July or December 2015. This Court agrees with the clear proposition that "a creditor cannot circumvent the bar date by the facile device of filing an adversary proceeding against a debtor after the bar date has run." *Id*. at 714.

On occasion, courts may consider filings similar to Plaintiff's, such as the adversary proceeding being filed in this Court, as serving as an informal proof of claim, and therefore permissible if they are filed before a bar date. *See, e.g., In re FRG, Inc*., 121 B.R. 710 (1990); *In re Wilbert Winks*, 114 B.R. at 97. Such filings need to be filed in the bankruptcy court and make a demand against the estate, as well as show that the creditor seeks to hold the estate liable. *In re Thompson,* 227 F. 981, 983 (3rd Cir. 1915). Construing this Complaint as an informal proof of claim, however, would do little to save Ms. Toscano's Complaint. Importantly, her Complaint was still filed at least six months after the original bar date's expiration. Moreover, in assessing the merits of her claims under the *Pioneer* factors*,* this Court has already found that Plaintiff's claims are barred by the deadlines contained in the Bar Date Order, and therefore should not be permitted to proceed in the Debtor's main case. Opinion at 12 [Adv. Proceeding Docket No. 51]. Liberally construing this pleading as an informal proof of claim would not unwind such a decision.

Leaving aside the argument that the Plaintiff is precluded from asserting such claims against the Defendant at all by the injunction provisions in the plan, the same policy concerns that underlay the Court's bar date decision apply in this instance as well. Allowing an expansive class of claimants to make a tardy demand on the estate for financial payouts is not only procedurally improper, but as a matter of policy would undo over a year of distributions that have already taken place in the claims administration process. Further, it would open the door to similar classes of claimants – rather than merely a California putative class, this Court would likely face similar class claimants from several states in which the Debtors maintained a business practice. For this equitable reason, in addition to those asserted above, this Court will grant the Motion to Dismiss by RSL Liquidating Trust and the Liquidating Trustee.

Similar, though distinct deficiencies exist with relation to the Plaintiff's claims against General Wireless. Ms. Toscano has failed to articulate claims against General Wireless where the undisputed record reflects that General Wireless acquired the Debtors' assets "free and clear" of claims under § 363(f). The clear language of the APA and this Court's sale order serves to limit liability for the buyer, who explicitly did not assume the obligations asserted by Ms. Toscano. The First Amended Complaint does not advance any allegations as to the asset purchase being fraudulent – Ms. Toscano first makes this claim, without factual support, in her Opposition. Without any further theory or facts explaining why the sale order under the APA should not control in this case, the First Amended Complaint as against General Wireless must be dismissed.

For the above reasons, the Motions are GRANTED. An appropriate order follows.

Date:   August 31, 2017

_____

Brendan Linehan Shannon
Chief United States Bankruptcy Judge