# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RS LEGACY CORPORATION, *et al.*, | Case No. 15-10197 (BLS) |
| Debtors.[1] | (Jointly Administered) |

**LIQUIDATING TRUSTEE'S SUBSTANTIVE OBJECTION AND MOTION TO EXPUNGE
CLAIM NUMBER 3765 FILED BY DONALD MOORE**

Peter Kravitz, as Liquidating Trustee (the "Liquidating Trustee") of the RSH Liquidating Trust, by and through his undersigned counsel, hereby submits this Objection and Motion (the "Motion") for entry of an order (the "Proposed Order"), pursuant to sections 105(a), 502 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging claim number 3765 filed by Donald Moore (the "Claim") or, alternatively, estimating and reducing the claim to zero. In support of the Motion, the Liquidating Trustee submits the *Declaration of Jeffrey L. Nagel, Esq.* ("Nagel Declaration") attached hereto as Exhibit 2. In further support of the Motion, the Liquidating Trustee respectfully represents as follows:

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RS Legacy Corporation (f/k/a RadioShack Corporation) (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RS Legacy Customer Service LLC (f/k/a RadioShack Customer Service LLC) (8866); RS Legacy Global Sourcing Corporation (f/k/a RadioShack Global Sourcing Corporation) (0233); RS Legacy Global Sourcing Limited Partnership (f/k/a RadioShack Global Sourcing Limited Partnership) (8723); RS Legacy Global Sourcing, Inc. (f/k/a RadioShack Global Sourcing, Inc.) (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); RS Legacy Finance Corporation (f/k/a Tandy Finance Corporation) (5470); RS Legacy Holdings, Inc. (f/k/a Tandy Holdings, Inc.) (1789); RS Legacy International Corporation (f/k/a Tandy International Corporation) (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 17000 Ventura Blvd., Suite 300, Encino, CA 91316.

## JURISDICTION

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.[2]

## BACKGROUND

**A.  The Bankruptcy Proceedings**

2.  On February 5, 2015, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.  On March 16, 2015, each of the Debtors filed its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules").

4.  On May 21, 2015, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 2214] (the "Bar Date Order") establishing July 10, 2015 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors (collectively, the "Claimants") to file and serve a written proof of claim for payment of any such claim.[3] Notice of the General Bar Date was provided by first class mail, electronic mail, and publication in accordance with the procedures outlined in the Bar Date Order.

5.  On September 14, 2015, the Debtors filed the *First Amended Joint Plan of Liquidation of RS Legacy Corporation and Its Debtor Affiliates, as Modified* [Docket No. 2969]

---

[2] Pursuant to Local Rule 9103-1(f), the Liquidating Trustee hereby confirms his consent to the entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3] To comply with section 502(b)(9) of the Bankruptcy Code, the bar date for all "governmental units" (as such term is defined in section 101(27) of the Bankruptcy Code) was fixed as August 4, 2015 at 5:00 p.m. (prevailing Eastern Time).

(the "Plan"). On August 12, 2015, the Debtors filed the *Joint Disclosure Statement of RS Legacy Corporation and its Debtor Affiliates (Solicitation Version)* [Docket No. 2784] (the "Disclosure Statement").

6. On October 2, 2015, the Court entered the *Order Confirming the First Amended Plan of Liquidation of RS Legacy Corporation and Its Debtor Affiliates, as Modified* [Docket No. 3067], confirming the Plan and approving the Disclosure Statement. On October 7, 2015, the Effective Date occurred under the Plan [Docket No. 3114]. Pursuant to the Plan, the Liquidating Trust was established, substantially all of the Debtors' remaining assets were transferred to the Liquidating Trust, and the Liquidating Trustee was appointed to administer the Liquidating Trust.

## THE CLAIMS RESOLUTION PROCESS

7. In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. On the Effective Date of the Plan, the Books and Records were transferred to the Liquidating Trust.

8. The Debtors' register of claims (the "Claims Register"), prepared and provided to the Liquidating Trustee by the Debtors' claims agent, Prime Clerk LLC, reflects that, as of the General Bar Date, approximately 14,421 proofs of claim (collectively, the "Proofs of Claim") were filed in these chapter 11 cases asserting claims against the Debtors. The Liquidating Trustee and his advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules and the claims asserted in the Proofs of Claim (including any supporting documentation) filed in these chapter 11 cases. The Liquidating Trustee is also

comparing the claims asserted in the Proofs of Claim with the Books and Records to determine the validity of such asserted claims.

9. This reconciliation process has included identifying particular categories of claims that may be disallowed and expunged, reduced and/or reclassified. The Liquidating Trustee has previously filed thirty-one omnibus objections to claims [See, e.g., Docket No. 4774] to avoid improper recoveries by Claimants. The instant Motion is filed for the same purpose.

10. The Liquidating Trustee retained Gibbons P.C. to assist in resolving certain claims against the estate which may be covered by the Debtors' insurance policies issued prior to the filing of the chapter 11 cases by Safety National Insurance Company ("Safety National"). The Safety National policies have high deductible or self-insured retention ("SIR") limits of up to $1 million "per occurrence"; as such, claims for damages within the deductible or SIR remain the sole responsibility of the Debtors' estates. The Claim at issue in the instant Motion is a potential claim against a Safety National policy.

11. The Claim at issue, Number 3765, was timely filed by on June 9, 2015 by Norman M. Block, Esq. on behalf of Donald Moore (the "<u>Claimant</u>"). A copy of the Claim is attached to the Nagel Declaration as Exhibit A. The stated basis for the Claim is "personal injury," without any factual statements describing the alleged acts giving rise to the purported injury, or any evidence of an actual injury or harm to the Claimant. No documentation or evidence, testimonial or otherwise, was attached to the proof of claim form.

**<u>RELIEF REQUESTED AND BASIS THEREFORE</u>**

12. By this Motion, and for the reasons described more fully below, the Liquidating Trustee objects to the Claim pursuant to sections 105(a), 502 and 507 of the

Bankruptcy Code, and Bankruptcy Rules 3007 and 9014. The Liquidating Trustee respectfully requests entry of the Proposed Order disallowing and expunging the Claim.

13. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

14. Here, the Claimant has failed to allege any facts to support the Claim. See Nagel Decl., Ex. A. The Claim asserts an unsecured claim in the amount of $10,000,000. As noted above, the stated basis for the Claim is "personal injury," without any factual statements describing the alleged acts giving rise to the purported injury, or any evidence of an actual injury or harm to the Claimant. The Claim is not supported by any documentation or evidence. Although the Liquidating Trustee has been able to obtain, informally through Claimant's attorney Mr. Block, (a) the most basic, general information about the alleged incident and (b) copies of certain medical records purportedly related to the Claim,[4] see Nagel Decl. at ¶¶ 7-8, those statements amount to

---

[4] Mr. Block also indicated to counsel for the Liquidating Trustee that Claimant's alleged medical expenses were covered by his own insurance. Nagel Decl. at ¶ 8.

5

nothing more than inadmissible hearsay and are inherently unreliable. **Notably, neither the Claimant nor his attorney have filed any documentation or evidence along with the actual proof of claim, subject to the applicable penalties under 18 U.S.C. §§ 152 and 3571**. The proof of claim filed on June 6, 2015 has not been amended.

15. The Liquidating Trustee, on behalf of the Debtors and the Estates, disputes any liability for the Claim, and respectfully states that the Claim must be disallowed and expunged in its entirety.

16. Moreover, at present, the Claimant's whereabouts are unknown. He has apparently disappeared and his counsel Mr. Block has disclosed to the Liquidating Trustee's counsel that he has not been in contact with Claimant in over a year. Nagel Decl. at ¶ 9. As such, the Liquidating Trustee's hands are tied: he is unable to either settle or litigate the merits of the Claim.

17. In light of the foregoing, the Liquidating Trustee respectfully requests that the Claim be disallowed and expunged.[5]

18. Alternatively, the Claim is subject to estimation and should be determined to have zero value. Section 502(c) of the Bankruptcy Code provides, in relevant part.

> There shall be estimated for purpose of allowance under this section— (1) Any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case;

11 U.S.C. § 502 (c)(1).

19. In essence, section 502(c) requires that all claims against the estate be converted into dollar amounts to facilitate prompt distributions to creditors. *See, H.R. Rep. No.*

---

[5] The Liquidating Trustee has no objection to Claimant pursuing a separate state law injury claim if he elects to do so within the applicable limitations period.

*595*, 95th Cong., lst Sess. 354 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 65 (1978); *Bittner v. Borne Chemical Co., Inc.*, 691 F.2d 134, 136-137 (3d Cir. 1982). The Claim at issue is a contingent, unliquidated claim.

20. Estimation of the Claim will permit the Liquidating Trustee to continue moving towards a full and final resolution of all outstanding claims in this case. The underlying purpose of Congress to permit estimation of claims under Section 502(c) was to avoid "undue delay" in the administration of a bankruptcy case. *See H.R. Rep. No 595*, 95th Cong. lst Sess. 354 (1977). Pursuant to Section 502(c), bankruptcy courts are required to estimate contingent claims where the failure to do so would unduly impede the reorganization process. *Matter of Brints Cotton Marketing*, 737 F.2d 1338, 1341-1342 (5th Cir. 1984); *In re Nugent*, 254 B.R. 14, 38 (Bankr. D.N.J. 1998). In a situation where a contingent claim cannot be liquidated in a timely manner, the provisions of section 502(c) are mandatory and place upon the Court an affirmative duty to estimate such claim. *See, e.g., In re G-I Holdings, Inc.*, 323 B.R. 583, 599 (Bankr. D.N.J. 2005) ("Section 502(c) of the Bankruptcy Code is drafted in mandatory terms."). Therefore, estimation of the Claim is appropriate since liquidation of the Claim is not likely to occur.

21. The Claim should be estimated at zero. In exercising its broad discretion, a bankruptcy court has the authority to estimate a claim according to its ultimate merit rather than the present value of any probability of success on the underlying merits. *Bittner*, 691 F.2d at 136 (valuation method whereby court estimated claim for tortuous interference of contract according to ultimate merits of state court action on claim (*i.e.* $0.00) not inconsistent with principles which imbue chapter 11). Since the Claimant has presented no evidence in support of the Claim, it can and should be estimated at zero. *See Frontier Airlines*, 137 B.R. at 814 ("there is nothing in the statutory language which indicates that the estimation must yield a positive value for the claim ...

the phrase 'for the purpose of allowance' in [Section] 502(c) is reasonably construed to encompass both the allowance and disallowance of contingent or unliquidated claims"). Hence, as an alternative to disallowance of the Claim, the Liquidating Trustee requests that the Court estimate the Claim at a zero value.

## **RESPONSES TO THIS OBJECTION**

22. To contest the Liquidating Trustee's objection, Claimant must file and serve a written response (a "Response") so that it is **received no later than July 22, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 Market Street, Wilmington, Delaware 19801, and served upon the following entities such that the Response is received no later than the Response Deadline, at the following addresses:

GIBBONS P.C.
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801-1671
Attn: Natasha Songonuga, Esq. and Jeffrey L. Nagel, Esq.
E-mail: nsongonuga@gibbonslaw.com
jnagel@gibbonslaw.com

23. Every Response must contain at a minimum the following information:

    (a)    a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the Objection to which the Response is directed;

    (b)    the name of the Claimant, his/her/its claim number, and a description of the basis for the amount of the Claim;

    (c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    (d)    any supporting documentation to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent,

upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

(e) the name, address, telephone number, fax number and email address, as applicable, of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Liquidating Trustee should communicate with respect to the Objection and Response and who possesses authority to reconcile, settle or otherwise resolve the Objection and Response on behalf of the Claimant.

24. If a Claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee may present to the Court an appropriate order disallowing the claim without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

25. Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at his option, file and serve a reply to any Response no later than 4:00 p.m. (prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

## RESERVATION OF RIGHTS

26. The Liquidating Trustee hereby reserves the right to object in the future to the Claim on any ground and to amend, modify, and/or supplement this Motion. Nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to: (a) bring avoidance actions under the applicable section of the Bankruptcy Code against the holder of the Claim; (b) exercise his rights of setoff against the holder of the Claim relating to such avoidance actions; or (c) otherwise contest the Claim.

## **NOTICE**

27. Notice of this Motion will be given to: (a) the United States Trustee via email and ECF, (b) all parties requesting notice pursuant to Bankruptcy Rule 2002 via ECF, (c) counsel to the Claimant, via email and by regular mail at the address indicated on the proof of claim. Due to the nature of the relief requested herein, the Liquidating Trustee respectfully submits that no other or further notice of this Motion is required.

28. The Liquidating Trustee has provided not less than 30 days' notice of this Motion to the Claimant in accordance with Fed. R. Bankr. P. 3007.

29. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and grant such other relief as the Court deems just and proper.

Dated: June 22, 2020            Respectfully submitted,
       Wilmington, Delaware

**GIBBONS P.C.**

By: /s/ Natasha M. Songonuga
Natasha M. Songonuga, Esq. (DE No. 5391)
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801-1671
Telephone: (302) 518-6324
Facsimile: (302) 397-2139
E-mail: nsongonuga@gibbonslaw.com