FILED
2020 JUL 21 AM 10: 09
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  
RS LEGACY CORPORATION, *et al.*,

            Debtors.

Chapter 11

Case No. 15-10197 (BLS)

(Jointly Administered)

### DECLARATION OF NORMAN M. BLOCK, ESQ., IN RESPONSE OBJECTION TO AND MOTION TO EXPUNGE CLAIM NUMBER 3765 FILED BY RONALD MOORE

I, Norman M. Block, Esq., hereby declare as follows:

1. I am an attorney admitted to the practice of law before the courts of the State of New York and the Federal Courts in that state. I submit this declaration in response to the objection to and motion to expunge the claim of my client, Ronald Moore, which was filed in this proceeding. I initially note that it was my error in listing him as Donald rather than Ronald. All medical records provided to the Liquidating Trustee have listed his name correctly as Ronald Moore.

2. Mr. Moore was injured on December 13, 2013, when a display at the Radio Shack store in Poughkeepsie, New York, being moved by store employees, fell on him and caused an abrasion to his leg which became infected and advanced to cellulitis. Mr. Moore had multiple hospitalizations and procedures to treat this and for a time was homebound relying on a home health care aide to treat this wounds. (It should be noted that the Proof of Claim form filed in this action did not allow for a full description of the cause of action. The instructions for that form specifically state that the term "Personal Injury" is to be used, nothing more. It should also be noted that the bankruptcy petition was filed before a lawsuit had been commenced, which lawsuit would have contained more detailed information.)

3. As noted by Jeffrey L. Nagle, Esq., whose declaration is attached to the motion papers, I had provided medical records to him which allowed him to assess the merits of the claim and the injury and eventually offer to pay $10,000 in settlement of the claim. As further noted by Mr. Nagle, I had

attempted to contact Mr. Moore to advise of the settlement offer and seek his consent. Unfortunately the address and phone numbers I had for him were no longer valid. The mail I sent to him was returned as not deliverable. I utilized public databases to attempt to find a valid new address. I had one possible new address but the mail to that address was also returned.

4., The last time I actually spoke with Mr. Moore was at the time I received the notice of these proceedings and advised him of the consequences of the bankruptcy filing. This was in 2015.

5. Given that the Liquidating Trustee has already offered to pay $10,000 in settlement of this claim, I request that, rather than expunge the claim without payment, the funds be paid to the New York State Comptroller as unclaimed funds which would be paid to Mr. Moore if he ever contacts me or otherwise receives notice that the Comptroller is holding unclaimed funds in his name. The instructions for making this payment to the New York State Comptroller are contained at **https://www.osc.state.ny.us/unclaimed-funds/reporters.** There would be no prejudice to the Debtors herein since the Liquidating Trustee has already agreed to pay this amount. Yet Mr. Moore's interests would be protected by the Comptroller as provided by New York law.

6. Should the Court be so inclined, I would ask that my attorneys fees of $3,333 be deducted from the settlement and paid directly to me, with the remainder, $6,667, paid to the Comptroller. A copy of my retainer agreement with Mr. Moore showing the agreed contingency fee is annexed hereto as Exhibit A.

7. If the Court should deem it necessary to hold a hearing in this matter, I request that such hearing be held remotely by whatever means the Court deems appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed and Dated on: July 15, 2020

Norman M. Block, Esq.
Attorney for Claimant Ronald Moore
3 Sandford Street
Pleasantville, NY 10570
(914) 769-3100 (fax: (914) 769-3156)
Blocklaw@aol.com

# EXHIBIT A

## RETAINER AGREEMENT BETWEEN
## NORMAN M. BLOCK, P.C. AND RONALD MOORE

# NORMAN M. BLOCK, P.C.

*Attorneys at Law*
245 Saw Mill River Road
First Floor
Hawthorne, New York 10532
(914) 769-3100
Facsimile: (914) 769-3156

## RETAINER AGREEMENT

This agreement is between Norman M. Block, P.C., Attorneys-at-Law, (the "firm") and Ronald Moore, who resides at 24 Glenwooed Ave., Poughkeepsie, NY 12603 (845)337-4018 (the "client") for the provision of legal services related to an accident on December 13, 2013 at RadioSchack (the "accident").

1. This firm will represent the client on a contingency fee basis, receiving one third of any net recovery which client receives related to this accident, or an amount to be awarded by the Court as attorneys fees, whichever is greater. Net recovery is defined as all amounts received from any sources, including but not limited to any claims under the "no-fault" laws for which legal services have been provided and the value of any liens which are avoided, reduced or settled, less any disbursements which have been made on client's behalf related to prosecuting this claim or any related lawsuit. Disbursements are payable at the conclusion of the case. Net recovery does not include any amounts which client has obtained under "no fault" laws solely as a result of client's efforts. Disbursements do not include medical expenses which have been incurred related to this injury, lost wages, or any other amount which is in compensation for the injury sustained. Disbursements do include such items as amounts paid to health care providers for medical records, court filing fees, photocopying, long distance telephone, computer assisted research, expert fees, interest paid on loans to cover large disbursements and any other amounts which this firm expends on client's behalf.

2. Any amounts received in settlement of the claim will be made payable to this firm, as client's attorneys, and placed into the firm's Attorney IOLA Trust Account. When the funds have cleared, client authorizes the firm to issue two checks, one to the client representing two thirds of the net recovery, and one to this firm representing one third of net recovery plus disbursements which have been made on client's behalf. In the event any amounts have been paid directly to client, or to anyone else on client's behalf, client will be personally liable for payment of the fees earned by this firm and the disbursements advanced, to the extent that the amounts paid directly to this firm are not sufficient to cover these fees and disbursements. In the event the settlement check is made payable to the client, client authorizes the firm to indorse that check on the client's behalf for the sole purpose of depositing that check into the firm's Attorney IOLA Trust Account.

3. The legal services which this firm will provide include consultations with you and others, preparation of documents, negotiations with insurance carriers, appearances at court and at other proceedings, and such other activities as may be reasonably required to be performed in the course of representation. These services do not include an appeal of any judgment. Further, while the firm will provide advice as to processing claims for insurance benefits provided under such programs as workers compensation, automobile no-fault or other medical insurance, claims processing is solely the client's responsibility.

4. This firm will make its best efforts toward achieving a recovery. However, client has received no guarantees, representations, promises or predictions with respect to the likely outcome. Client has been informed and understands that there may be no recovery whatsoever.

continued

5. *I have fully disclosed my entire medical history to the firm as it relates to the injuries I have sustained. In the event I have had any injuries or problems with the parts of my body which are currently injured, I have revealed that to the firm. I understand that my failure to reveal these prior injuries or problems is not in my best interest and, if these injuries or problems are discovered at a later date, my failure to disclose this will be held against me. I understand that in the event it is found that I have failed to reveal such problems of injuries, the firm may withdraw from representing me and I will be liable for all costs and expenses which have been incurred.*

6. As soon as any offers are received related to settlement of this matter, client will be promptly notified and counseled regarding the settlement offer. The decision whether to accept any offer of settlement is client's alone.

7. In the event that the client and/or the firm decides to terminate this retention agreement for any reason whatsoever, the client shall cooperate with the firm in executing any documents necessary to effect that discharge from representation or withdrawal from representation. Client is responsible for the payment of all disbursements made on the client's behalf. The contingency fee is fully earned and payable on presentation to the client of an offer of settlement or on a verdict or judgment in favor of the client. If this retention agreement is terminated by the client, the client may be provided with a bill for the payment for the time of all attorneys who have worked on client's behalf, billable at the rate of $400 per hour. Client will be liable for the payment of that bill, up to one third of the amount of the net recovery; **however this amount is payable only in the event client receives any recovery at a future time.** Further, this firm will have an attorney's lien on that recovery based upon the value of the services provided by this firm, but no less than any amount billed, and may take all action necessary to enforce that lien. Client consents to that lien and to venue in any Court in Westchester County to enforce that lien. All disbursements must be paid in full before any portion of the client's file is released to the client or the client's representative.

8. This agreement contains the complete agreement between the client and the firm, and all prior discussions and agreements are merged into this agreement. This agreement may not be changed except in a writing signed by the party against which the change is sought to be enforced.

9. By signing this agreement, client acknowledges that he has read the agreement, has had an opportunity to ask questions about the agreement, fully understands the terms of the agreement, and agrees to abide by its terms.

10. This agreement may be executed in two or more counterparts, each of which is an original, but all of them together constitute one and the same instrument.

Dated this JAN 1 day of JAN 2014

NORMAN M. BLOCK, P.C.

by _____
    Norman M. Block

CLIENT

✓ Ronald D. Moore

✓ RONALD D. MOORE
    print name

# NORMAN M. BLOCK, P.C.

*Attorneys at Law*

3 SANDFORD STREET
PLEASANTVILLE, NEW YORK 10570

(914) 769-3100

Facsimile: (914) 769-3156
E-mail: Blocklaw@AOL.com
Website: www.lawblock.com

July 15, 2020

United States Bankruptcy Court for the District of Delaware
824 Market Street,
6th Floor, Courtroom No, 1
Wilmington, Delaware 19801

    Re: Debtor: RS Legacy Corporation
        Case No. 15-10197 (BLS)
        Claim No. 3765, Ronald Moore (incorrectly named as Donald Moore)
        Response to Objection and Motion to Expunge Claim
        Return Date: July 29, 2020

Dear Sirs:

    Enclosed please find my response to the objection to and motion to expunge this claim. Please fax or email the Court's decision on this objection/motion.

    A copy of these papers are being served by email to Natasha M. Songonuga, Esq of Gibbons P,C,., attorneys for the Liquidating Trustee.

                                Very truly yours,

                                Norman M. Block

cc: Natasha M. Songonuga, Esq (by email)