## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>RS LEGACY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10197 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: June 25, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: July 28, 2021 at 9:00 a.m. (ET)** |

## MOTION OF LIQUIDATING TRUSTEE FOR AN ORDER
## EXTENDING THE DEADLINE TO OBJECT
## TO THE ALLOWANCE OF CLAIMS TO OCTOBER 13, 2021

Peter Kravitz, as Liquidating Trustee (the "<u>Liquidating Trustee</u>") of the RSH Liquidating Trust (the "<u>Liquidating Trust</u>"), by and through his undersigned counsel, hereby submits this motion (the "<u>Motion</u>") for entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, extending the Liquidating Trustee's time to object to the allowance of claims through and including October 13, 2021.  In support of this Motion, the Liquidating Trustee respectfully represents as follows:

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[2]  Venue in this

---

[1].     The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RS Legacy Corporation (f/k/a RadioShack Corporation) (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RS Legacy Customer Service LLC (f/k/a RadioShack Customer Service LLC) (8866); RS Legacy Global Sourcing Corporation (f/k/a RadioShack Global Sourcing Corporation) (0233); RS Legacy Global Sourcing Limited Partnership (f/k/a RadioShack Global Sourcing Limited Partnership) (8723); RS Legacy Global Sourcing, Inc. (f/k/a RadioShack Global Sourcing, Inc.) (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); RS Legacy Finance Corporation (f/k/a Tandy Finance Corporation) (5470); RS Legacy Holdings, Inc. (f/k/a Tandy Holdings, Inc.) (1789); RS Legacy International Corporation (f/k/a Tandy International Corporation) (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 17000 Ventura Blvd., Suite 300, Encino, CA 91316.

[2]     Pursuant to Rule 9013-1(f) Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Liquidating Trustee hereby confirms his

Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief

requested herein is 11 U.S.C. §§ 502 and 503, as supplemented by Fed. R. Bankr. P. 9006(b) and

Local Rules 9006-1 and 9006-2.

## **BACKGROUND**

2.      On February 5, 2015, each of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") filed a voluntary petition for relief under title 11 of the United States

Code, 11 U.S.C. § 101 through 1532 (the "Bankruptcy Code").  On February 13, 2015, the United

States Trustee for the District of Delaware appointed the Official Committee of Unsecured

Creditors [Docket No. 262].

3.      On May 21, 2015, the Court entered the *Order (I) Establishing Bar Dates for Filing*

*Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 2214], setting the

general bar date for filing proofs of claims as July 10, 2015 and the bar date for filing

administrative expense claims as June 22, 2015 at 5:00 p.m. (ET).

4.      On August 10, 2015, the Debtors filed the *First Amended Joint Plan of Liquidation*

*of RS Legacy Corporation and Its Debtor Affiliates* [Docket No. 2786] (the "Plan").[3]  On August

28, 2015, the Debtors filed certain exhibits to the Plan including the RSH Liquidating Trust

Agreement [Docket No. 2871].

5.      On October 2, 2015, the Court entered an order confirming the Plan [Docket No.

3067].  On October 7, 2015, the Effective Date occurred under the Plan.  Pursuant to the Plan, the

Liquidating Trust was established, substantially all of the Debtors' remaining assets were

---

consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

transferred to the Liquidating Trust, and the Liquidating Trustee was appointed to administer the Liquidating Trust.  Under Article VII, Section A. 2. of the Plan, the Liquidating Trustee is authorized to object to claims filed against the Debtors' estates.

6.      Article I of the Plan set the deadline to object to claims as 270 days after the Effective Date and Article III. A. 1. c set the deadline to object to Administrative Claims as 90 days after the Effective Date (together, the "Claims Objection Deadline").

7.      The Liquidating Trustee filed seventeen motions [Docket Nos. 3695, 3814, 3952, 4119, 4312, 4490, 4602, 4654, 4705, 4743, 4770, 4814, 4829, 4850, 4866, 4894 & 4913] (the "Prior Extension Motions"), seeking to extend the Claims Objection Deadline.  The Court entered seventeen orders granting each of the Prior Extension Motions [Docket Nos. 3732, 3829, 3976, 4144, 4369, 4511, 4627, 4661, 4714, 4754, 4785, 4822, 4839, 4857, 4874, 4902 & 4919] (the "Extension Orders").  The Extension Orders ultimately extended the Claims Objection Deadline until June 15, 2021 (the "Current Deadline").[4]

8.      To date, the Debtors' register of claims, prepared by Prime Clerk LLC, reflects that over 29,700 claims (the "Claims") have been filed or scheduled in these chapter 11 cases.  Over 3,000 of those Claims include administrative expenses.  In addition, numerous motions or other requests for payment of Administrative Claims (the "Administrative Expense Requests") were filed with the Court, seeking payment in excess of $2,639,031.70.

9.      Since his appointment on October 7, 2015, the Liquidating Trustee has been working to reconcile the Claims and Administrative Expense Requests expeditiously while maximizing recoveries for creditors with valid Claims.  The Liquidating Trustee is in the process

---

[4]      Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Current Deadline shall serve to automatically extend the Current Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion.

IMPAC 7219905v.2

of reviewing and reconciling the Claims and Administrative Expense Requests.  In fact, the Liquidating Trustee has reconciled all priority claims and administrative claims.  *See, e.g.*, Docket Nos. 3921, 3922, 4002, 4003, 4005, 4006, 4007, 4029, 4073, 4120, 4121, 4150, 4151, 4242, 4243, 4286, 4287, 4346, 4347, 4449, 4450, 4478, 4479, 4509, 4510, 4594, 4595, 4668, 4669, 4773 & 4774.

10.     In addition to his work reconciling the Claims and Administrative Expense Requests, since the Effective Date, the Liquidating Trustee has undertaken various tasks necessary to the administration of the Liquidating Trust.  These tasks have included, but are not limited to: (i) securing and preserving the Debtors' electronic data and physical records and providing for their transition to the Liquidating Trust; (ii) addressing issues regarding gift card claims and the 2019 Notes Claims; (iii) engaging in discussions with the Internal Revenue Service in an attempt to resolve their Claims; (iv) pursuing the Avoidance Actions to maximize creditor recovery; (v) resolving third-party motions and other requests for relief pending as of the Effective Date; (vi) pursuing and resolving the Debtors' claims and performing the Debtors' obligations under the Transition Services Agreement between the Debtors and General Wireless Inc.; (vii) payment of certain administrative claims; (viii) addressing motions filed on the docket and negotiating resolutions thereto; (ix) handling numerous creditor and former equity holder inquiries and claims; (x) winding down the Debtors' 401(k) plans; (xi) liquidating the Debtors' surety bonds; (xii) preparing and finalizing tax returns for the Debtors; (xiii) responding to creditor inquiries; and (xiv) otherwise liquidating and finalizing the Debtors' estates for final decree and case closure. *See also* Docket No. 4891 ¶¶ 7-8 (describing the limited tasks remaining for the Liquidating Trustee to complete in these cases).

11.     Although the Liquidating Trustee has been working diligently to accomplish these tasks, and significant progress has been made since the Effective Date, additional work remains with respect to the reconciliation of Claims.  In an abundance of caution, the Liquidating Trustee requests additional time to resolve these remaining tasks, including reconciling the remaining Claims.

## RELIEF REQUESTED

12.     By this Motion, the Liquidating Trustee respectfully requests entry of an order, extending the Current Deadline for a period of approximately 120 days, from June 15, 2021 through and including October 13, 2021.  The proposed extension is without prejudice to the Liquidating Trustee's right to seek additional extensions of the Claims Objection Deadline, as appropriate.

## BASIS FOR RELIEF

13.     Sections 502 and 503 of the Bankruptcy Code contemplate that Claims will be challenged when appropriate and, if necessary, estimated.  *See* 11. U.S.C. §§ 502 & 503.  The Plan vests the discretion to object to or seek estimation of Claims in the Liquidating Trustee on behalf of the Debtors' estates.  Although the Plan sets an initial deadline by which such challenges must be raised, it contemplates extension of the Claims Objection Deadline by order of the Bankruptcy Court.

14.     Bankruptcy Rule 9006 permits the Court to extend deadlines for cause. Specifically, Bankruptcy Rule 9006 provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

5

Fed. R. Bankr. P. 9006(b)(1).

15.    The Liquidating Trustee submits that the extension of the Current Deadline by approximately 120 days is critical to the efficient administration of the Debtors' estates and is in the best interests of the creditors.  To ensure the fair and proper administration of the Debtors' estates, the Liquidating Trustee requires additional time to reconcile the remaining Claims, to attempt to reach consensual resolutions and, if appropriate, file objections.

16.    The requested extension of the Current Deadline will not prejudice any claimant or other party in interest, and will benefit creditors holding valid Claims.  Additionally, the requested extension will not affect any claimant's substantive defenses to any objection to its Claim.

17.    Given the posture of the case and the limited resources, both the Liquidating Trustee and creditors would be severely prejudiced if the Current Deadline is not extended.  Failure to extend the Current Deadline will preclude the Liquidating Trustee from challenging invalid or overstated Claims.  Alternatively, without an extension, the Liquidating Trustee would have to hastily prepare "protective" objections at the expense of thorough review or potential negotiation with claimants.

18.    Extending the objection deadline to October 13, 2021 will permit the Liquidating Trustee to continue administering the Liquidating Trust and properly review and reconcile the remaining Claims while conserving the limited resources of the Debtors' estates.  The extension will also allow the Liquidating Trustee to pursue settlement without the delay and expense of unnecessary objections and litigation.

19.    In sum, the Liquidating Trustee believes the proposed time extension will provide sufficient time and flexibility to allow him to consider, and make decisions concerning the Claims.  The Liquidating Trustee reserves the right to request additional extensions as appropriate.

6

Accordingly, the Liquidating Trustee respectfully submits that cause exists for the relief requested herein.

## **NOTICE**

20.     Notice of this Motion shall be provided to: (i) the United States Trustee for the District of Delaware and (ii) any party in interest that has requested to receive notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

IMPAC 7219905v.2

WHEREFORE, the Liquidating Trustee respectfully requests entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, (i) granting the relief requested herein and (ii) granting such other or further relief as is just and proper.

Dated: June 11, 2021
          Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-3700
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:   csamis@potteranderson.com
              kgood@potteranderson.com
              astulman@potteranderson.com

- and -

Jay R. Indyke
Cathy R. Hershcopf
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275
Email:   jindyke@cooley.com
              chershcopf@cooley.com

*Co-Counsel for the Liquidating Trustee*

8